[Sac. No. 4434. In Bank.—February 29, 1932.]

In the Matter of the Estate of RALPH CLARK YOUNG, Deceased. JANE B. ALLEN et al., Appellants, v. FRED YOUNG, Administrator, etc., et al., Respondents.

128

Jacobs, Blanckenburg & May and J. Harold McAlpine for Appellants.

Lewis H. Cromwell and Karl Brooks for Respondents.

THE COURT.—Appeal from an order and decree of distribution. The sole question presented on this appeal is the proper construction of a clause in a holographic will that reads as follows: "To my Father George C. Young my Ten Thousand Dollar insurance policy in case of his death this said policy to go to my God Son Henry Ralph Siess. My idea is that he uses this money to go to college and to help his mother." The policy referred to is a war risk insurance contract issued by the United States government to the testator while an enlisted man in the United States navy. Respondent is the godson mentioned in the above clause of decedent's will. The appellants are the residuary legatees of the father of the testator. They are not mentioned in the will, and so far as the record discloses were unknown to the testator.

The War Risk Insurance Act of Congress, and acts amendatory thereof, provided for a contract of insurance differing from the ordinary insurance contract. It partakes both of the nature of an insurance contract for which premiums are paid, and somewhat of an additional reward for service granted by the federal government to its World War veterans. The certificate issued to the testator provided for the payment in case of death or total disability of the insured of the principal sum of said insurance contract in 240 monthly installments of $57.50 to certain permitted beneficiaries enumerated in the act, who might be designated either in the application for the insurance or by will of the insured. The insured is not given the right to transfer, assign or dispose of the proceeds of the policy to any person not a permitted beneficiary as provided by the act of Congress. He may only will away the residue after all permitted beneficiaries have been paid. Upon the death of the designated beneficiary it is provided by a retroactive amendment of the act approved March 4, 1925, that the commuted value

of any unpaid installments should be paid to the estate of the insured. In his application for the insurance the testator designated his estate as the beneficiary, and by the above clause of his will designated his father as the primary permitted beneficiary. Upon the death of the testator his father therefore received the monthly installments of $57.50 while he lived. After his death by reason of the provisions of the act under which the policy was issued, the monthly installments were paid regularly to two aunts and an uncle of the testator as permitted beneficiaries, as provided by the act, although neither had been expressly designated by the insured. Upon the death of the last permitted beneficiary, some eight years after the death of the insured, the commuted value of the unpaid monthly installments was paid to the administrator with the will annexed of the estate of the insured as provided by the act.

 The act is distinctly a war risk insurance measure and it is to be given the effect agreeable to the plain language of the act. The refinements which may be indulged in the determination of contingent interest, or ''gifts over'' in or to estates generally have no application in this case, inasmuch as Congress has in plain terms specifically designated the class, and prescribed the methods by which the estate may be enjoyed by the class so designated. None of the permitted class has a vested right in the balance of the fund remaining unpaid upon the death of the insured. (*In re Pruden's Estate,* 199 N. C. 256 [154 S. E. 7].) The ordinary rules of descent and succession do not regulate the right to enjoy the fund. That is to say, the son of a permitted beneficiary does not succeed to his father's right to the unpaid installments provided there is another permitted beneficiary in being to enjoy the same. The order of enjoyment does not strictly follow the line of descent and succession prescribed by our state statute.

 The will must be construed, as the trial court construed it, to accord with the intention of the insured sailor. Two aunts and an uncle whom the 1919 act included within the permitted class of enjoyment, were actually paid by the government the continuing installments after the father's death and until the death of the last of said beneficiaries. There being no other permitted persons, the unpaid installments in the absence of a will would have gone to the estate

of the insured's father. There being a will, and it being the intention of the deceased sailor that his godson should enjoy the unpaid installments, we are of the view that the findings and judgment of the trial court are supported by the law and the facts of the case.

Appellants claim that this commuted value of the unpaid installments should be distributed to the estate of the insured's father, of which estate the appellants are the residuary legatees. This claim is based upon the contention that the insured's father, as a primary designated beneficiary under the will of the insured, took an unlimited estate or interest in the same by the terms of the will and that there has been no valid gift over to the respondent godson. Further, that said clause is unambiguous and does not refer to a contingency to take effect after the death of the testator.

It is respondent's contention, on the other hand, that said clause is ambiguous, and that an uncertain contingency is presented that calls for construction; that while it may not be denied that the testator intended by the language "in case of his [the father's] death this said policy is to go to my God Son Henry Ralph Siess", to provide for a gift over to the respondent upon the death of the father, it is impossible to say from the language itself whether such gift should be given effect upon the death of said father at any time, or only in the event of such death occurring within some particular period or before some particular time.

As we view this case, all that the testator by his will could or did do was to prefer his father to the other statutory or enumerated permitted beneficiaries by designating him as the primary object of his bounty. He could not and did not intend by such designation to vest in his father an unlimited estate in the proceeds of the policy, for by the very terms of the act creating the fund and under which the policy issued, all the remaining statutory or permitted beneficiaries had a contingent right or interest to share in the monthly payments due thereunder dependent upon their surviving the designated primary beneficiary and dependent also upon the death of such primary beneficiary prior to the payment of the 240 monthly installments. In other words, all that the insured could and did do by the designation of his father as the primary permitted beneficiary was to prefer him to the other permitted beneficiaries without

in any manner curtailing or affecting the rights of the other permitted beneficiaries to any of the installment payments remaining unpaid upon the death of the designated primary beneficiary. This was the limitation actually placed upon his right by the United States government by allocating the unpaid installments after the father's death. This being so, testator's father necessarily was not given an unlimited estate in the proceeds of the policy which would pass on to his heirs, the appellants here, but was, in effect, given or bequeathed merely the right to collect or receive so many of the monthly installments as might fall due under the policy during his lifetime, the balance, if any, being payable to the remaining permitted beneficiaries, and upon the death of the last of said permitted beneficiaries, the commuted value of any unpaid installments, under the 1925 amendment of the act, was payable to the estate of the insured, rather than to the heirs or legatees of the designated primary beneficiary. It necessarily follows that the appellants have no claim upon or interest in the fund distributed to the respondent (see *Williams* v. *Eason*, 148 Miss. 446 [55 A. L. R. 574, 114 South. 338]).

However, allowing that the insured intended by his will and the above-quoted clause thereof to dispose of the commuted value of the installments remaining unpaid upon the death of the last of the permitted beneficiaries, it would avail the appellants nothing, for section 122 of the Probate Code (formerly section 1336 of the Civil Code) provides: "Words in a will referring to death or survivorship, simply, relate to the time of the testator's death, unless possession is actually postponed, when they must be referred to the time of possession." Under this rule, if the subject matter or *res* had been reduced to possession by the father as of the time of the testator's death, the attempted gift over to the godson, the respondent here, would have been ineffective for any and all purposes (26 Cal. Jur., p. 1007, sec. 293) and the heirs or legatees of the father would, quite naturally, succeed to his interest therein. Conversely, however, if the subject matter or *res* was *not* reduced to possession by the father as of the time of the testator's death, and such possession was postponed, as it was by operation of law, to a time subsequent to the testator's death, then the gift over to the respondent godson would not be affected by such prior bequest, and the

decree of the court would be entirely proper. (*In re Winter's Estate,* 114 Cal. 186 [45 Pac. 1063]; 26 Cal. Jur., p. 1009, sec. 295; *Marvel* v. *Wilmington Trust Co.,* 10 Del. Ch. 163 [87 Atl. 1014]; *Small* v. *Marburg,* 77 Md. 11 [25 Atl. 920], quoting from 3 Jarman on Wills, 5th ed., 606, 611; Schouler on Wills, 6th ed., p. 1206, sec. 1040; Rood on Wills, 2d ed., secs. 650, 651.)

Because of the peculiar characteristics of the policy with which we are here dealing, and because of the express provisions of the act of Congress under which it was issued and which must control our decision, the testator's father necessarily could *not* have reduced to possession the commuted value of any unpaid installments as of the time of the testator's death because to do so he would have had to survive all the other permitted beneficiaries, which he did not do, for there could be no commuted unpaid installments until all of the permitted beneficiaries (including the testator's father) had passed away. Any interest or right of possession which the testator's father had in the commuted value of any unpaid installments of this war risk insurance contract was therefore contingent and postponed until a time subsequent to the testator's death (i. e., until such time as all of the other permitted beneficiaries had died), and under the second rule set out above, this being so, the gift over to the respondent godson was not in any manner invalidated by the prior bequest to the testator's father. The appellants here are therefore entitled to no part of the proceeds of the policy.

Moreover, and as an additional reason why the testator's father could not have reduced the commuted value of any unpaid installments to possession as of the time of the testator's death, it might be said that there could be no commuted value of unpaid installments until *all* the permitted beneficiaries, including the testator's father, had died.

We have examined other points raised by appellants, but in view of our conclusions as to the main question herein discussed they are rendered unimportant.

The order and decree are affirmed.