ARTHUR L. TOMPKINS, PLAINTIFF-APPELLANT, v. EDNA A. TOMPKINS, DEFENDANT-RESPONDENT.

Argued May 2, 1944—Decided September 11, 1944.

Before Justices PARKER, HEHER and COLIE.

For the appellant, *Irving I. Jacobs.*

For the respondent, *Samuel Levinson.*

The opinion of the court was delivered by

HEHER, J. This is an action of replevin. The subject-matter is a life insurance policy (converted) in the sum of $5,000, issued by the United States to plaintiff (a veteran of the first World War) on January 24th, 1928, under the *World War Veterans' Act of 1924. 43 Stat. 607; 38 U. S. C. A.,* §§ 421, *et seq.* Plaintiff and defendant were then married; and the latter was designated as beneficiary. The marriage was dissolved by a decree of divorce in the latter part of the year 1941; and shortly thereafter plaintiff appointed his mother as beneficiary of the policy in the place and stead of defendant. This change of beneficiary was communicated to and recognized by the Veterans' Bureau, but it was not endorsed upon the policy, for the instrument was then in defendant's possession and she has ever since refused to surrender it. The policy reserved to plaintiff the right to effect a change of beneficiary "at any time without the knowledge or consent of the named beneficiary." And it contained a provision that the "proceeds" thereof "shall not be assignable, except that any person to whom this insurance shall be payable may assign his interest" therein "to any other beneficiary within the class permitted by the World War Veterans' Act or any amendment thereof or supplement thereto."

The District Court judge found that plaintiff had made a gift of the policy to defendant; and he therefore awarded judgment to defendant. In this, there was error in matter of law.

At the time of the issuance of the policy, the statute made nonassignability, and exemption from the claims of creditors

and all taxation, attributes of the "insurance" thereby granted. 43 *Stat., pp.* 607, 613, § 22. This provision rendered non-assignable "the compensation, insurance, and maintenance and support allowance payable" thereunder. It was construed to bar assignments of such policies by the insured. *Christensen* v. *Christensen,* 14 *Fed. Rep.* (2d) 475. On August 12th, 1935, the clause was superseded by one providing that "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation" and "the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 49 *Stat., pp.* 607, 609, § 3; 38 *U. S. C. A.,* § 454a. *Section* 22, *supra,* was thereby expressly repealed; and the repealer was followed by the direction that "The provisions of this section shall not be construed to prohibit the assignment by any person, to whom converted insurance shall be payable under title III of the World War Veterans' Act, 1924, of his interest in such insurance to any other member of the permitted class of beneficiaries." This provision would seem to be ambiguous, for, while the statute originally prohibited payment of the proceeds of an insurance policy (term or converted) to a person not within certain specified classes related to the insured by blood or marriage, under an amendment adopted in 1928 this limitation of the beneficiaries to a definite class is now confined to "yearly renewal term insurance." 43 *Stat.* 624, § 300; 38 *U. S. C. A.,* § 511. *Vide United States* v. *Garrison,* 39 *Fed. Rep.* (2d) 225; *Lewis* v. *United States,* 56 *Id.* 563; *Small* v. *United States,* 110 *Id.* 122. The report of the Committee on World War Veterans' Legislation of the House of Representatives reveals that the design of the amendment was to give the insured under converted insurance "the same right with regard to designating a beneficiary or changing a beneficiary as he would have under a commercial insurance policy."

But this does not mean that converted policies have all the characteristics of the ordinary life insurance policy. As noted, "payments of benefits," due or to become due, are non-

assignable and beyond the reach of creditors and legal or equitable process, either before or after receipt by the beneficiary; and the statute further provides that, "Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries without the consent of such beneficiary or beneficiaries, but only within the classes herein provided." 38 *U. S. C. A.*, § 512. Of course, for the reasons already stated, the limitation to "classes herein provided" has no significance as respects converted policies.

These provisions forbid the assignment of the policy by the insured and, as well, the curtailment or surrender, contractual or otherwise, of his right to change the beneficiary. The policy of the statute in this regard is to afford a measure of economic security for servicemen and their dependents. Its general design is to provide "a system for the relief" of disabled veterans and the dependents of veterans who died as a result of disability suffered in military service. 38 *U. S. C. A.*, § 422. Insurance is granted for the "protection" of the insured veteran and his dependents. It issues "against the death or total permanent disability" of the insured. *Ibid.*, § 511. There is provision for such "alternative benefits to the insured and the beneficiaries as may be found to be reasonable and practicable." *Ibid.*, § 512. The act has "far-reaching national plan and purposes." *United States* v. *Patryas*, 303 *U. S.* 341; 58 *S. Ct.* 551; 82 *L. Ed.* 883. Insurance is provided that would otherwise be unobtainable in numerous individual cases, and at a rate devoid of the profit element. It issues "without regard to the health of the applicants" (*United States* v. *Patryas, supra*); and thus there is accorded substantial recognition for service in the military and naval forces by means that will also conduce to the essential public interest. The benefits of the statute are secured against improvidence and diversion from their basic purpose of support and maintenance in time of urgent need. And the act is to be liberally construed in favor of its beneficiaries and the public policy thereby served.

The statutory reservation to the insured serviceman of the right, "at all times," to change the beneficiary, considered in the light of the general legislative object, disabled the

insured from making the irrevocable gift of the insurance asserted by defendant. Allowance of this claim of an unalterable transfer of title to the instrument itself, by its delivery with a donative purpose, would nullify the absolute right of the insured, thus legislatively conferred, to change the beneficiary while the insurance policy subsisted—a power designed to advance the essential statutory policy. What defendant maintains is that here there was, in effect, an irrevocable designation of a beneficiary, for the consequence of the assignment, if valid, *ex necessitate* would be the termination of the reserved right "at all times" to change the beneficiary. An absolute assignment of an ordinary life insurance policy divests the insured of all right and title thereto, and vests his entire interest in the assignee. *Travelers' Insurance Co.* v. *Grant,* 54 *N. J. Eq.* 208; *Sullivan* v. *Maroney,* 76 *Id.* 104; *affirmed,* 77 *Id.* 565; *Prudential Insurance Co.* v. *Deyerberg,* 101 *Id.* 90. An assignment of such a policy without the consent of the person named therein as beneficiary is ineffectual as to the latter's beneficial interest, if there was no reservation of the right to change the beneficiary, for in such circumstances the designated beneficiary has a vested and absolute right to the proceeds of the insurance. If the asserted unconditional gift of the policy in issue be sustained, the donee would have a vested right to the proceeds of the insurance, including benefits payable in the event of the total permanent disability of the insured; and thus the prime object of the statute would be subverted. Under the statute, the beneficiary cannot have a vested interest in unaccrued installments of insurance. The exercise of the insured's statutory authority to designate whomsoever he pleases as the beneficiary of the policy is effective as against those who would otherwise be entitled to benefits thereunder. It is not the subject of contractual qualification. Such was the interpretation of this provision of the statute before the amendment of 1935, *supra. Von Der Lippi-Lipski* v. *United States,* 4 *Fed. Rep.* (*2d*) 168; *Lewis* v. *United States, supra; Murphy* v. *United States,* 5 *Fed. Supp.* 583. And it has not been modified by that amendment. Evidently, the primary purpose of the amendment was to clarify the exemption clause

as regards the status of benefits after receipt by the beneficiary. *Vide United States Trust Co.* v. *Helvering,* 307 *U. S.* 57; 59 *S. Ct.* 692; 83 *L. Ed.* 1104.

It is urged that a "gift" of such a policy is not an "assignment" within the intendment of the statute. Obviously, it is. An "assignment" of a chose in action is a transfer to another of the property in action, in whole or in part. An assignment without consideration differs from a gift only in the method of proof. A gift is an assignment perfected by delivery, and, apart from the difference in manner of proof, an assignment without valuable consideration and a gift are alike. 6 *C. J. S.* 1048. If an assignment supported by a consideration is within the ban of the statute, so also, *a fortiori,* is a gift of the policy *inter vivos.*

In this view, we have no occasion to consider whether a parol assignment of a life insurance policy is cognizable in equity only. And the question is not raised.

We have considered respondent's motion directed to the sufficiency of the state of the case. While the policy of insurance should ordinarily be incorporated in the case on appeal, the decisive question here is purely one of law. involving the construction of the federal statute, and therefore one that is determinable without the presentation of the terms of the policy in full.

The judgment of the District Court is accordingly reversed, with costs; and, since the essential facts are not in dispute and the determinative question is one of law purely, the cause is remanded with direction to enter judgment final for plaintiff.