[Civ. No. 3963. Fourth Dist. Sept. 29, 1949.]

BARTON JAMES MITCHELL KAUFFMAN et al., Appellants, v. ANGIE FLORENCE KAUFFMAN, Respondent.

Eugene A. Horton for Appellants.

Edgar B. Hervey and Henry F. Walker for Respondent.

MUSSELL, J.—This is an action to impress a trust upon the proceeds of a United States war risk insurance policy and was filed by plaintiffs, the son and daughter respectively of the deceased Barton H. Kauffman, against their stepmother Angie Florence Kauffman who was the beneficiary named in the policy. The appeal is from a judgment in favor of defendant and is presented upon the judgment roll.

The facts alleged and found by the court are as follows:

On August 27, 1941, Gertrude A. and Barton H. Kauffman (parents of the plaintiffs herein) entered into a property settlement agreement which provided, as far as is applicable here, as follows:

"13. It is agreed between the parties hereto that the husband has caused to be issued in his name a Five Thousand Dollar ($5000.00) United States War Risk Insurance Policy No. 39184. It is understood and agreed that so long as K965765 said policy remains in full force and effect, the wife shall be

named as beneficiary under said policy; provided, however, that if a final decree of divorce should be granted to either party hereto, then and in that event Betty Lee Ruth Kauffman and Barton James Mitchell Kauffman, the children of the parties hereto, shall be named as beneficiaries of said policy in the sum of Two Thousand Dollars ($2000.00) each so long as said policy remains in full force and effect.

"14. Each of the parties hereto agrees to execute all necessary and proper papers to properly carry out the purposes and effect of this agreement."

Subsequent to the execution of this agreement Gertrude A. Kauffman secured an interlocutory judgment of divorce from Barton H. Kauffman and a final judgment of divorce was rendered on October 20, 1942. In the final decree all property of the parties was assigned in accordance with the terms of the interlocutory decree in which the court had approved and confirmed the terms of the property settlement agreement. After entry of the final decree of divorce Barton H. Kauffman married the defendant herein and on November 20, 1942, Kauffman changed the beneficiaries of the insurance policy, as follows: The beneficiary of record (Gertrude A. Kauffman, divorced wife) was cancelled and new beneficiaries named were his wife, Angie F. Kauffman, $1,000; plaintiff son, $2,000; and plaintiff daughter $2,000. These changes were in accordance with the provisions of the property settlement agreement and the terms of the divorce decrees.

On October 20, 1947, Barton Kauffman made a further change in the beneficiary provisions of the insurance policy by designating his wife, Angie F. Kauffman, defendant herein, as sole beneficiary thereunder. This change was made without the consent of his divorced wife, Gertrude, and without the knowledge or consent of plaintiffs.

Barton Kauffman died on February 28, 1948, and pursuant to the terms and conditions of the insurance policy, the United States government has paid or will cause to be paid to defendant the sum of $5,000 in accordance with the designation of beneficiary made by Kauffman on October 20, 1947. Payments by the government were begun as of February 29, 1948, and were scheduled to continue for a period of 36 months at the rate of $145.95 per month. Plaintiffs seek to impress a trust on these funds in the total amount of $4,000, and contend that they are each entitled to the sum of $2,000 in accordance with the terms of the property settlement agreement.

The trial court found that the defendant is the beneficiary under the insurance policy in question and "is the owner of and entitled to keep any funds which have been or may hereafter be paid to her as such beneficiary, and that defendant is under no obligation to deliver or turn over to the plaintiffs, or either of them, such funds or any part thereof," and concluded that plaintiffs were entitled to take nothing. Judgment was rendered accordingly.

War risk insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private companies. (*Sternfeld* v. *United States*, 32 F.2d 789, 790.) The insurance contract is solely between the government and the insured and the only relations of contract are between the government and him. (*White* v. *United States*, 270 U.S. 175, 180 [46 S.Ct. 274, 70 L.Ed. 530]; *Barton* v. *United States*, 75 F.Supp. 703, 704.) In the latter case, page 705, it was held that the National Life Insurance Act of 1940 [56 Stats. 659], 38 United States Codes Annotated, sections 801-818, is a constitutional exercise of the powers granted to Congress, citing United States Constitution, article I, section 8, clauses 1, 13, and as such is the supreme law of the land, if Congress so willed. (*Id.*, art. IV, cl. 2.) In *Mayo* v. *United States*, 319 U.S. 441, 445 [63 S.Ct. 1137, 87 L.Ed. 1504, 147 A.L.R. 761], it was held that: "Since the United States is a government of delegated powers, none of which may be exercised throughout the nation by any one State, it is necessary for uniformity that the laws of the United States be dominant over those of any State. Such dominancy is required also to avoid a breakdown of administration through possible conflicts arising from inconsistent requirements. The supremacy clause of the Constitution states this essential principle. Article VI. A corollary to this principle is that the activities of the Federal Government are free from regulation by any State. No other adjustment of competing enactments or legal principles is possible."

In *Conrad* v. *Conrad*, 66 Cal.App.2d 280, 285 [152 P.2d 221], this court in construing the rights of the parties in United States savings bonds, held that the federal statutes and their interpretation by the federal courts should be applied rather than the rules of law of the states and the decisions of the state courts. (*United States* v. *Clearfield Trust Co.*,

130 F.2d 93; *Clearfield Trust Co.* v. *United States,* 318 U.S. 363, 744 [63 S.Ct. 573, 87 L.Ed. 838] ; *Garrett* v. *Moore-McCormack Co., Inc.,* 317 U.S. 239 [63 S.Ct. 246, 87 L.Ed. 239].)

In *Davies* v. *Beach,* 74 Cal.App.2d 304, 308 [168 P.2d 452], it was held that the Second Liberty Bond Act (40 Stats. 288, 31 U.S.C.A. § 752) is a valid exercise by Congress of its constitutional power "to borrow money on the credit of the United States"; that the borrowing power necessarily includes the power to fix the terms of the obligation of the United States; that the state cannot vary the terms of federal obligations and that a savings bond issued under the Second Liberty Bond Act and the regulations of the Treasury Department is a contract obligation of the United States to the owner and to the beneficiary severally. It was also there said that "the statutory right, afforded by the state, to dispose of property by will is not paramount to the power of the federal government to borrow money. If such a statutory power can render nugatory the provisions of the bonds and the rules and regulations of the Treasury Department, upon which purchasers of the bonds rely, the power of the federal government to raise money will be impaired. The capacity of the federal government to borrow money depends on the inviolability of its obligation, and on its ability to carry it out strictly in accordance with its terms. If the state may treat the bonds as the property of some person other than the one whom the contract has designated, the federal government will be prevented from carrying out its agreement."

The National Life Insurance Act (38 U.S.C.A. §§ 801-818), as applicable here, provides (§ 802(g) : "The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent (including person in loco parentis if designated as beneficiary by the insured), brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided."

Section 802(h) contains provisions as to the manner in which the proceeds shall be paid to beneficiaries designated by the insured, if living, and in section 802(i), it is provided

in part that "No person shall have a vested right to any installment or installments of any such insurance and any installments not paid to a beneficiary during such beneficiary's lifetime shall be paid to the beneficiary . . . within the permitted class next entitled to priority, as provided in subsection (h)."

In this connection it has been held that the interest of a beneficiary of a War Risk Insurance policy is vested only so far as the government makes it so, and such interest may be divested or changed without in any way transgressing any obligations (*Adams* v. *Jackson,* 23 Tenn.App. 118 [126 S.W.2d 899, 904]); that title to unaccrued instalments of War Risk Insurance does not vest in a beneficiary so as to pass to the estate of the beneficiary (*In re Pivonka's Estate,* 202 Iowa 855 [211 N.W. 246, 55 A.L.R. 570]); that a beneficiary under a War Risk Insurance policy has no such vested interest therein as will prevent Congress from enacting later legislation giving the balance of the insurance due at the beneficiary's death to the estate of the insured (*Palmer* v. *Mitchell,* 117 Ohio 87 [158 N.E. 187, 55 A.L.R. 566]) and that beneficaries of the contract, after the death of the insured have no vested interest. (*Battaglia* v. *Battaglia* (Tex. Civ.App.) 290 S.W. 296.)

In *Estate of Young,* 215 Cal. 127, 130 [8 P.2d 846], it was held that none of the permitted class of beneficiaries under the War Risk Insurance Act had a vested right to the balance of the fund remaining unpaid upon the death of the insured and that Congress has in plain terms specifically designated the class, and prescribed the methods by which the estate may be enjoyed by the class so designated.

These authorities impel us to conclude that the insured, in the instant case, under the provisions of the federal statute (54 Stats. 1009, 38 U.S.C.A. § 802[g]) was specifically authorized to change the beneficiaries in the policy with which we are here concerned without the consent of the plaintiffs herein, or either of them, and that the fact that they were first named beneficiaries gave them no vested rights in the proceeds of the policy.

 Section 454a of the World War Veterans' Relief Act [49 Stats. 609], title 38 U.S.C.A., insofar as here applicable, provides:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall

be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.''

We conclude that the property settlement agreement was an assignment of the proceeds of the policy in question (*Chilwell* v. *Chilwell*, 40 Cal.App.2d 550, 553 [105 P.2d 122]); that such an assignment is prohibited by the terms of the federal statute (§ 454a, *supra*) and is therefore not enforceable against the defendant beneficiary. (*Lewis* v. *United States*, 56 F.2d 563; *Von Der Lippi-Lipski* v. *United States*, 4 F.2d 168 [55 App.D.C. 202]; *Bradley* v. *United States*, 143 F.2d 573; *Tomkins* v. *Tomkins*, 132 N.J.L. 217 [38 A.2d 890]; *Yake* v. *Yake*, 170 Md. 75 [183 A. 555]; *Robertson* v. *McSpadden*, 46 F.2d 702; *United States* v. *Williams*, 302 U.S. 46, 50 [58 S.Ct. 81, 82 L.Ed. 39].)

The provision in section 454a that the payments and benefits due or to become due are exempt from taxation and the claims of creditors, and are not subject to legal or equitable process indicates that Congress intended to control the title to such payments and benefits both before and after payment. This control and the provisions of the section have been recognized and enforced. (*Barton* v. *United States*, 75 F.Supp. 703, 705; *Carrier* v. *Bryant*, 306 U.S. 545, 548 [59 S.Ct. 707, 83 L.Ed. 976].)

We are not dealing here with such a situation as was presented in *Wissner* v. *Wissner*, 89 Cal.App.2d 759 [201 P.2d 837]. In that case the widow of the insured claimed a right to one-half of the proceeds of a national service insurance policy as against the named beneficiaries on the basis that all of the insurance premiums were paid with community earnings or funds. It was there held that the wife had a vested interest under the community property laws of this state and that she was therefore entitled to one-half of the proceeds of the policy.

In the instant case the record is silent as to the source of the premium payments. Such payments may have been made entirely from separate funds of the insured to and including the date of the property settlement agreement and thereafter from community funds of the insured and defendant herein. Plaintiffs' action is based solely on a contract which under the findings and judgment is unenforceable.

The trial court found that the right of plaintiffs to the proceeds of the insurance policy was not superior to that

of defendant; that defendant is the beneficiary under the policy and is the owner of and entitled to keep any funds which have been or may hereafter be paid to her as such beneficiary. ■ Where, as here, the appeal is upon the judgment roll alone, and the only question presented is whether the findings support the judgment, the findings must be given such construction as will uphold rather than defeat the judgment. (*Oakley* v. *Rosen*, 76 Cal.App.2d 310, 312 [173 P.2d 55]; *Fitzpatrick* v. *Underwood*, 17 Cal.2d 722, 728 [112 P.2d 3].)

Judgment affirmed.

Griffin, Acting P. J., concurred.