FLORENCE H. WILLIAMS v. ALICE H. WILLIAMS.

(Filed 20 September, 1961.)

**1. Courts § 18;   Veterans—**

Where a person claiming the proceeds of a policy of war risk insurance does not appeal from the adverse ruling of the Board of Veterans' Appeals, the failure to pursue the exclusive procedure provided in 38 U.S.C.A., § 784 precludes the matter, and such ruling is not open to challenge in a State court.

**2. Same;   Husband and Wife § 11—**

The provision of a separation agreement that the husband should keep in force his policies of life insurance issued by the Federal Government in which his wife was named beneficiary, and should not change the beneficiary, does not entitle the wife to impress a trust on the proceeds of the policies in the hands of the second wife when the husband, subsequent to his divorce from his first wife and marriage to the second, changes the beneficiary in the policies to his second wife in accordance with the Federal regulations. 38 USCA., § 3101(a).

APPEAL by plaintiff from *Parker, J.,* June Term 1961 of PASQUOTANK.

The plaintiff and Alford J. Williams, now deceased, were married in 1926 and lived together as man and wife until near the end of 1939. On or about 20 November 1940 the plaintiff and the said Alford J. Williams entered into a separation agreement and property settlement in the State of New York. Among other things, the agreement provided that Alford J. Williams would maintain and keep in force certain policies of insurance on his life, in each of which policies the plaintiff was designated the beneficiary. It was further agreed by Alford J. Williams that he would not change the beneficiary in any of said policies during the life of the plaintiff, Florence H. Williams. The policies were delivered to the plaintiff as provided in the separation agreement. Among the policies so delivered was one in the sum of $5,000 (20 payment life) and one for $5,000 (30 payment life), both issued by the Government of the United States.

Subsequent to entering into the aforementioned separation agreement, the plaintiff and Alford J. Williams were divorced. Thereafter, on 13 May 1942, the said Alford J. Williams married the defendant, Alice H. Williams. Alford J. Williams died on 15 June 1958, leaving surviving his second wife, the defendant herein.

On 10 June 1958 the said Alford J. Williams changed the beneficiary in the two policies issued by the Government of the United States on his life from Florence H. Williams, the plaintiff herein, to Alice H. Williams, the defendant herein.

Following the death of Williams, both plaintiff and defendant filed claims for the proceeds of the two policies described herein with the Veterans' Administration. The Veterans' Administration denied the plaintiff's right to receive the proceeds of the policies and approved the claim of the defendant. The plaintiff appealed to the Board of Veterans' Appeals, which Board likewise denied the plaintiff's claim and approved the defendant's claim. The plaintiff did not pursue her statutory remedy to institute suit pursuant to the provisions of 38 U.S.C.A., section 784. Therefore, the Veterans' Administration duly awarded the proceeds of the two policies of insurance to the defendant as the proper beneficiary named in said policies.

The plaintiff instituted this action to recover from the defendant the sum of $10,000, being the amount of the proceeds of the two policies described herein.

The court below heard this matter upon an agreed statement of facts and stipulations entered into by the parties, including certain exhibits. The court concluded (1) that the plaintiff cannot recover for that, under the applicable Federal statutes and decisions, her sole remedy was and is that set out in 38 U.S.C.A., section 784; and that

the proceeds of a policy or policies of United States Government life insurance are payable to the last validly designated beneficiary, who, in this action, is the defendant; that there cannot be an irrevocable beneficiary; that the separation agreement between the plaintiff and the said Alford J. Williams cannot and does not control the disposition of the proceeds of the said two policies of insurance; (2) that if this action be treated as one in which the plaintiff is suing under a quasi-contract of money had and received or upon the basis of unjust enrichment, plaintiff cannot recover for that a prerequisite to recovery in such a situation is that the money or funds, the subject matter of the action, belong to the plaintiff, and this the plaintiff has failed to show; (3) that if this action be treated as one seeking to impose a constructive trust upon the proceeds of the said two policies of insurance, the plaintiff cannot recover for that the law applicable to ordinary insurance under such claim is not applicable to the proceeds of the type of Government life insurance policies involved in this case; and (4) that in no view of the cause of action set out in the complaint, considered upon the agreed statement of facts, including the exhibits, is the plaintiff entitled to prevail herein.

Judgment was entered accordingly. The plaintiff appeals, assigning error.

*McMullan, Aydlett & White; Frank B. Aycock, Jr. for plaintiff appellant.*

*John H. Hall, W. W. Cohoon for defendant appellee.*

DENNY, J. It is provided in 38 U.S.C.A., section 749, as follows: "Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of a United States Government life insurance policy without the consent of such beneficiary or beneficiaries."

In light of the provisions of the foregoing statute, the appellant concedes that since she did not pursue the exclusive procedure provided in 38 U.S.C.A., section 784, she has no claim against the Government of the United States, or any agency thereof, as a result of the adverse ruling of the Veterans' Administration and its Board of Veteran's Appeals awarding the proceeds of the two policies of insurance to the defendant as the proper beneficiary named in such policies. Moreover, such ruling is not open to challenge in a State court. *In re Greiner's Estate,* 195 Wisc. 332, 218 N.W. 437; *United States ex rel Norris v. Forbes, Director,* 278 F. 331.

In the absence of an appeal in pursuing one's claim to proceeds of insurance policies issued by the Government of the United States,

serviced by the Veterans' Administration, the decisions of the administrator of such administration are final and conclusive and "no other official or any court of the United States shall have power or jurisdiction to review any such decision." 38 U.S.C.A., sections 211 and 785.

Consequently, the plaintiff in this action seeks to impress a trust on the proceeds of these insurance policies in her favor. She contends that the defendant's right to retain the proceeds from said insurance policies must be determined in light of the terms of the separation agreement and property settlement entered into between the plaintiff and her former husband.

The appellant further contends there is no distinction between the status of the proceeds of United States savings bonds in the hands of the owner or beneficiary therein and the proceeds of Government life insurance policies in the hands of the beneficiary named in such policies. We do not concur in this view.

While Government savings bonds, Series E, are not assignable and the Code of Federal Regulations provides that "if either co-owner dies without having presented and surrendered the bond for payment * * *, the surviving co-owner will be recognized as the sole and absolute owner of the bond, and payment will be made only to him," *Tanner v. Ervin,* 250 N.C. 602, 109 S.E. 2d 460, the weight of authority is to the effect that when the proceeds from such bonds are paid to the owner, such proceeds may be impressed with a trust growing out of a *bona fide* agreement whereby the holder of such bonds has surrendered his or her interest in the bonds to the co-owner for a valuable consideration. *Tanner v. Ervin, supra; In re Hendricksen's Estate,* 156 Neb. 463, 56 N.W. 2d 711, *certiorari* denied, 346 U.S. 854, 98 L. Ed. 368; *Tharp v. Besozzi, Ind. App.,* 144 N.E. 2d 430; *Chase v. Leiter,* Cal. App., 215 P. 2d 756; *Roman v. Smith,* 228 Ark. 833, 314 S.W. 2d 225.

Furthermore, the Government of the United States has not by congressional legislation or otherwise, sought to exempt the proceeds from Government savings bonds in the hands of the owner or beneficiary thereof, from attachment, levy, or seizure under any legal or equitable process after receipt by the owner or beneficiary. The proceeds of a Government life insurance policy have been so exempted by congressional action, 38 U.S.C.A., section 3101, which in pertinent part reads as follows: "(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable * * * and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or

seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

In the case of *Eldin v. United States,* 157 F. Supp. 34, the plaintiff, Caroline S. Eldin, was married to one Zaky Eldin, and the other plaintiffs, Patricia Eldin and Karen Eldin, were children born of the marriage. Zaky Eldin served in the military forces of the United States and there had been issued to him a National Service Life Insurance policy. Caroline S. Eldin was designated as beneficiary and this policy was in full force and effect at the time of the insured's death on 28 February 1954. On 4 January 1946 Caroline and the decedent separated and on 17 January 1946 a separation agreement was entered into. They were later divorced. The divorce decree entered in the State of Illinois ratified and confirmed the separation agreement. In the separation agreement the decedent agreed to name his wife Caroline his irrevocable primary beneficiary in the insurance policy involved and to name their two children as his irrevocable secondary beneficiaries. On 27 August 1946 the decedent married Eleanor A. Eldin and named her as the beneficiary under his policy. Upon the death of the insured, the plaintiff and the second wife filed claims for the proceeds of the policy. The Court said: "Upon maturity the proceeds of a National Service Life Insurance policy are payable to the designated beneficiary. There is no dispute that at the maturity date of the policy the defendant was and still is within the class of permitted beneficiary * * *. At one time plaintiff was the designated beneficiary in the policy but plaintiff was not the designated beneficiary at the time the policy matured. It is the opinion of the Court that plaintiff lost all rights under the applicable Act and regulations when the veteran exercised his right in his lifetime in proper form and in accordance with law to change his beneficiary to the defendant. It is the opinion of the Court that the separation agreement between the veteran and his first wife in which he agreed to irrevocably name his first wife and their children as beneficiaries of the policy and also the divorce decree granted to the first wife approving the terms of the separation agreement, had no force and effect so far as the proceeds of the policy are concerned."

In *Kauffman v. Kauffman,* Cal. App., 210 P. 2d 29, Gertrude A. Kauffman and her husband, Barton H. Kauffman, entered into a separation agreement and property settlement on 27 August 1941. It was agreed between the parties that the wife should remain the beneficiary in the husband's War Risk Insurance policy, but if they should be divorced it was agreed that their two children should be named beneficiaries. Gertrude A. Kauffman secured a final divorce decree from Barton H. Kauffman on 20 October 1942. The children were

named beneficiaries in the insurance policy as provided in the separation agreement. However, on 20 November 1942, Barton H. Kauffman married Angie F. Kauffman and on 20 October 1947 the insured changed the beneficiary in his policy to his second wife. The insured died on 28 February 1948. An action was instituted to impress a trust upon the proceeds of the policy. The Court held: "We conclude that the property settlement agreement was an assignment of the proceeds of the policy in question, *Chilwell v. Chilwell,* 40 Cal. App. 2d 550, 553, 105 P. 2d 122; that such an assignment is prohibited by the terms of the Federal Statute, § 454a, *supra* (now 38 U.S.C.A., section 3101), and is therefore not enforceable against the defendant beneficiary. *Lewis v. United States,* 3 Cir., 56 F. 2d 563; *Von Der Lippi-Lipski v. United States,* 55 App. D.C. 202, 4 F. 2d 168; *Bradley v. United States,* 10 Cir., 143 F. 2d 573; *Tompkins v. Tompkins,* 132 N.J.L. 217, 38 A. 2d 890; *Yake v. Yake,* 170 Md. 75, 183 A. 555; *Robertson v. Mc-Spadden, D. C.,*46 F. 2d 702; *United States v. Williams,* 302 U.S. 46, 50, 58 S.Ct. 81, 82 L.Ed. 39."

In *Wissner v. Wissner,* 338 U.S. 655, 94 L.Ed. 424, after the death of an Army officer, the proceeds of his National Service Life Insurance policy were paid by the Veterans' Administration to his mother, whom he had named as principal beneficiary. His widow, claiming to be entitled, under state community property law, to one-half of these proceeds, obtained a judgment in her favor for that amount in the state courts of California. On appeal to the Supreme Court of the United States, the Court in reversing the lower court, said: "It is plain to us that the judgment of the lower court, as to one-half of the proceeds, substitutes the widow for the mother, who was the beneficiary Congress directed shall receive the insurance money. We do not share appellee's discovery of congressional purpose that widows in community property states participate in the payments under the policy, contrary to the express direction of the insured. Whether directed at the very money received from the Government or an equivalent amount; the judgment below nullifies the soldier's choice and frustrates the deliberate purpose of Congress. It cannot stand."

Counsel for the respective parties have filed excellent and exhaustive briefs. However, no case has been cited by the appellant and we have found none, in which the facts are similar to those in the instant case where the judgment has been upheld if contrary to the judgment entered below.

The judgment of the court below is

Affirmed.