532 P.2d 385 (1974)
In the Matter of the ESTATE of Richard S. PECHMAN, Deceased.
Richard S. PECHMAN, Jr., Claimant-Appellee,
v.
Mary Ann PECHMAN, Executrix of the Estate of Richard S. Pechman, Deceased, Appellant.
No. 73-077.
Colorado Court of Appeals, Div. I.
December 17, 1974.
Rehearing Denied January 14, 1975.
Certiorari Denied March 17, 1975.
Marshall Quiat, P.C., Denver, for claimant-appellee.
William G. Sumners, Jr., Denver, for appellant.
Not Selected for Official Publication.
SMITH, Judge.
Claimant, Richard S. Pechman, Jr., filed a claim for $10,000 against the estate of his late father, Richard S. Pechman. The claim was not approved by the executrix and a hearing thereon was held by the trial court. The court, at the conclusion of the hearing, ordered that the claim be allowed as one of the fifth class. The estate appeals. We reverse.
Claimant's mother and father were divorced in 1954. In the divorce decree, the father was ordered to maintain in force a National Service Life Insurance policy in the sum of $10,000 retaining as beneficiary his minor son, the claimant-appellee here. Shortly before his death, the father changed the beneficiary under the insurance policy and designated his then wife as primary beneficiary. The proceeds of the policy were paid to her.
In his claim claimant-appellee seeks to impress the estate with a trust for his benefit for $10,000. The estate argues that the part of the 1954 divorce decree which ordered the father to maintain the National Service Life Insurance policy for his son was void. The trial court allowed the claim as one of the fifth class and directed that the petitioner share with his father's *386 other general creditors to the pro-rated amount of $7,500.
The estate correctly asserts that the portion of the divorce decree purporting to direct the disposition of the National Service Life Insurance proceeds is void and can therefore be collaterally attacked in the probate court. National Service Life Insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute,[1] the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private insurance companies. Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P.2d 29.
Any order in a divorce decree purporting to restrict the right of the policyholder of National Service Life Insurance to change the beneficiary, at any time under any circumstances, is void and unenforceable. Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424; Hoffman v. United States, 391 F.2d 195 (9th Cir.); Williams v. Williams, 255 N.C. 315, 121 S. E.2d 536; Kauffman v. Kauffman, supra. It was on this basis that we previously held that the courts of Colorado have no jurisdiction to exercise any control over the designation of beneficiaries under National Service Life Insurance policies. Reed v. Reed, 29 Colo.App. 199, 481 P.2d 125 (citing Heifner v. Soderstrom, 134 F. Supp. 174 (N.D. Iowa)). Therefore, we hold in this case that the divorce court never obtained jurisdiction to enter any orders relative to the specific subject matter and that the portion of the divorce decree which attempted to do so was void ab initio, as opposed to merely voidable, and, therefore, can be collaterally attacked in the probate court. Estate of Lee v. Graber, 170 Colo. 419, 462 P.2d 492. The claim therefore, having no valid basis, should have been disallowed.
We are not unaware that had this been an insurance policy issued by a private insurance company, the divorce court's 1954 order that the father must designate the claimant as primary beneficiary of his insurance policy would have been merely voidable. As such, the decree would not have been subject to collateral attack in the probate court. McLeod v. Provident Mutual Life Insurance Co., Colo., 526 P.2d 1318.
Judgment reversed.
SILVERSTEIN, C.J., and COYTE, J., concur.
NOTES
[1] The two sections of the Federal Statutes applicable to the instant problem are found in 38 U.S.C. § 3101(a) and 38 U.S.C. § 717 (a).