Laura Catherine CARY and John Hale Cary, Jr., minors, by their natural guardian and next friend, Elizabeth Hill Alden Cary, Plaintiffs-Appellants,

v.

Linda CARY as Executrix of the Estate of John Hale Cary, deceased, Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

June 7, 1984.

Permission to Appeal Denied by Supreme Court Aug. 27, 1984.

Charles H. Beaty, Gallatin, for plaintiffs-appellants.

Leslie Shields and Wayne R. Kramer, Knoxville, for defendant-appellee; Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, of counsel.

## OPINION

FRANKS, Judge.

The issue presented by this appeal is whether the estate of decedent, who owned a Servicemen's Group Life Insurance Act policy, is required to respond in damages where decedent entered a property settlement agreement with his former wife to keep the insurance in force for the parties' minor children but, prior to his death, changed the designated beneficiaries.

The chancellor, in dismissing this claim against the estate, made findings of fact which are not in dispute. We adopt therefrom as pertinent to this appeal:

Laura Catherine Cary and John Hale Cary, Jr., are the minor children born to the marriage of John Hale Cary, deceased, and Elizabeth Hill Alden Cary. Linda Cary is the second wife and widow of John Hale Cary, and the Executrix of his estate.

John Hale Cary and Elizabeth Hill Alden Cary entered into a Property Settlement, Custody and Support Agreement on February 18, 1971, which contained the following provision in Paragraph (10):

"The Husband shall keep in full force and effect the life insurance policies which are at this time in force and he shall make the beneficiaries thereon the parties children."

On April 14, 1971, a Final Decree of divorce was entered, approving and incorporating the Property Settlement, Custody and Support Agreement therein.

. . . . .

On the date of the property settlement agreement and at the time of the divorce, John Hale Cary, deceased, was insured under a Servicemen's Group Life Insurance policy. Pursuant to an amendment to 38 U.S.C. Section 767(a), the maximum amount of insurance authorized under the Servicemen's policy was $15,000.00. Pursuant to 38 C.F.R. Section 916(a) and (d), the decedent executed the Servicemen's Group Life Insurance election in October, 1979, wherein he provided that the proceeds from the policy be distributed "by law". Under the express statutory scheme set forth in 28 U.S.C. Section 770, the beneficiary of the policy was the decedent's wife, Linda Vaughn Cary, whom he had married in June, 1972.

As stated above the decedent died on December 24, 1981. On June 4, 1982, the Office of Servicemen's Group Life Insurance distributed to Linda Vaughn Cary a check in the amount of $36,242.85. This represented the principal amount of the Servicemen's Group Life Insurance policy of $35,000.00, and an additional $1,242.85 of interest generated by the policy from the date of death until the date of distribution.

The principal amount of the Servicemen's policy had increased from $15,-000.00 on the date of the property settlement agreement and the divorce to $35,-000.00, because of a series of statutory changes over the past ten years.

Decedent's first wife and minor children appeal the chancellor's dismissal of their claim, conceding they are not entitled to the proceeds of the policy under the provisions of the Servicemen's Group Life Insur-

ance Act of 1965, as amended, but insist decedent breached the contract and his estate should respond in damages measured by the amount of the insurance policy.

While we have not addressed this facet of the issue, this court held in *Herrington v. Boatright*, 633 S.W.2d 781, 785 (Tenn. App.1982), that "notwithstanding any provision to the contrary in a separation agreement, the insured under a NSLI policy has the right to change beneficiaries under the policy up to the time of his death", and the court ruled the named beneficiary was entitled to the proceeds of the policy rather than the prior wife, whom deceased had agreed to keep as beneficiary of the policy.

Generally, state courts have held that property settlements providing the insured would maintain and keep in force a government life insurance policy with an agreed beneficiary are, in effect, assignments of the proceeds of the policies and prohibited by federal law, *see e.g., Williams v. Williams*, 255 N.C. 315, 121 S.E.2d 536 (1961); and when the claim has been predicated on breach of contract, the majority of the state courts have concluded the decedent's estate is not liable in those circumstances. *McJunkin v. Estate of McJunkin*, 493 S.W.2d 278 (Tex.Civ.App., Dallas 1973).

Appellants rely on *Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), wherein the United States Supreme Court reversed the imposition of a constructive trust upon the proceeds of an SGLIA policy by the Supreme Judicial Court of Maine. The Maine court had enforced a property settlement agreement requiring a deceased to keep in force a life insurance policy for the benefit of the parties' children. Appellant points to *dicta* in *Ridgway* to the effect that the party may have a claim against an insured's estate under state law and specifically mentions a breach of contract theory.

The essential rulings in *Ridgway* are: "the insured service member possesses the right freely to designate the beneficiary and to alter that choice at any time by communicating the decision in writing to the proper office", 102 S.Ct. at 55, and

claims based on property settlement agreements are not exempted from antiattachment provisions of 38 U.S.C.A., § 770(g).

It is well settled that laws affecting construction or enforcement of a contract existing at the time of its making form a part of the contract. *Robbins v. Life Ins. Co.*, 169 Tenn. 507, 89 S.W.2d 340 (1936). When the settlement agreement *sub judice* is read in conjunction with the federal statutes, the right to freely change the beneficiary of the SGLIA policy negates the contractual provision as it relates to that policy. In this connection our Supreme Court, in refusing to enforce a contract where a widow had contracted away the statutory right of dissent from her husband's will, said:

"Laws enacted from considerations of public concern, and to subserve the general welfare, cannot be abrogated by mere private agreement. *Recht v. Kelly*, 82 Ill., 147 [25 Am.Rep., 301]."

*Shirley v. Shirley*, 181 Tenn. 364, 181 S.W.2d 346 (1944).

We conclude the exercise by the deceased of his federal statutory right was not a breach of the settlement agreement; but assuming, *arguendo*, his action amounted to a breach, we believe the equitable maxim, *privatorum conventio juri publico non derogat* (the agreements of private individuals will not be allowed so to operate as to diminish the effect of a public law), would be applicable.

To sanction a suit for damages against one, or the estate of one, on the basis the individual had exercised a federal statutory right, would diminish the effect of a public law.

The remaining issue is whether deceased permitted a Prudential policy in the amount of $10,000.00 to lapse in violation of the property settlement agreement. The only favorable evidence to this contention is the deceased referred to a Prudential policy in an application for insurance prior to the settlement agreement. The evidence preponderates that no such policy existed at the time of the settlement agreement.

We affirm the judgment of the chancery court and remand at appellants' costs.

SANDERS and GODDARD, JJ., concur.