Argued June 27, affirmed as modified and remanded
with instructions July 29, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

BARATTA (No. 387954), *Appellant, and*
BARATTA, *Respondent.*

524 P2d 1233

*Fred A. Granata,* Portland, argued the cause and submitted the brief for appellant.

*Scott M. Kelley,* Portland, argued the cause and submitted the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

This is a suit for dissolution of marriage in which the husband is petitioner, the wife the respondent. Petitioner appeals from the order, assigning as error (1) the awarding of permanent alimony to the wife, (2) the requirement that he maintain his National Service Life Insurance policy with his children as named beneficiaries thereof, and (3) the award of attorney fees to the wife. There is no cross-appeal.

At the time of the decree, petitioner was 42 years old and the wife 41. The three children, all boys, were ages 13, 15 and 18. The marriage had been of 20 years' duration. Neither party challenges the division of property nor the award either of custody or of child support at the rate of $200 per month per child to the wife. Under the order, the wife received the family residence and its furnishings, subject to monthly mortgage payments of $190 per month, which she assumed.

■ The husband was the founder, vice president, and owner of 26 of the 83 outstanding shares of a closely held company, Cage, Baratta, Harry & Asso-

ciates, Inc., a food brokerage firm. His income was derived solely from his fulltime services in that business. His 1972 income was $21,292 after taxes. His wages from the company were $27,825, and they also furnished him a car and paid 85 per cent of its expenses. His taxable income over the past five years reflected a steady, substantial growth. The court awarded the wife the 1971 Ford car. The husband was awarded the 26 shares in the company and his interest in its profit-sharing trust, having a vested value of $2,500, and payable only upon death or termination of employment.

The wife, though primarily functioning as homemaker and mother, had worked for short periods at a Kinney's Shoe Store following their separation, averaging 19 hours a week and earning an average of $35.55 per week during the 25-week period prior to the trial. Her employer found her capable and, if she wished, contemplated training her for a store management position in what was known as the Clothes Shed department of the Kinney stores. Mrs. Baratta, however, felt the need for further training and also the need to be with her younger boys, who at the time of trial were, as a result of the separation, "in an upheaval." She felt, however, this would straighten out "as they get older." Both parties are in good health. Against this background, the court awarded her $400 a month permanent support.

In *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), this court discussed at length our decisions regarding the awarding of support to a wife and furnished guideline governing the award thereof. We see no need to repeat them here.

Bearing in mind that on a showing of appropriately changed conditions an award of support may be subject to modification, ORS 107.135 (1)(a), we conclude that the support should be modified as follows: $400 per month until December 31, 1974, $350 per month for the next year, and $300 per month thereafter until the death or remarriage of the respondent.

■ The second assignment challenges the authority of the court to order that the husband may not change the beneficiaries of his National Service Life Insurance policy and must maintain it in force for the benefit of his children. The wife in effect concedes this point in her brief where she states:

> "* * * [T]he law appears to be that the decree cannot deprive the petitioner of his right to change beneficiaries as regards the National Service Life Insurance policy."

The rule is clear that a state court in a dissolution decree is without authority under 38 USCA § 717 (a) (1959)① to limit the right of the owner of a National Service Life Insurance policy to change beneficiaries. Such rights are governed by federal law. *Hoffman v. United States*, 391 F2d 195 (9th Cir 1968). *See also: Wissner v. Wissner*, 338 US 655, 70 S Ct 398, 94 L Ed 424 (1950); *United States v. Donall*, 466 F2d 1246 (6th Cir 1972). The trial court was in error in so providing.

---

① 38 USCA § 717 (a) (1959) provides:

"(a) The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries."

Our attention is directed to no regulation limiting this provision.

■ Finally, the husband challenges the award of attorney fees to the wife. It is not disputed that there was no stipulation entered authorizing the court to set reasonable attorney fees. Nor does respondent direct our attention to any evidence establishing what is a reasonable fee. No attorney fee was included in the wife's cost bill.

In *Manifold Business v. Multnomah Co.,* 255 Or 225, 226-27, 465 P2d 710 (1970), the court said:

> "There was no evidence of the services performed by plaintiff's attorney and no evidence of a reasonable fee for services. The fee was not awarded as costs and disbursements and there was nothing to support an award of fees as a part of costs and disbursements. The cost bill contains only the claim for the $10 statutory attorney fee. There was no stipulation that attorney fees could be awarded without the introduction of evidence.
>
> > " 'It has long been settled in Oregon that the amount of the attorney's fee to be allowed in an action at law is a question of fact to be determined by the trier of fact upon pleading and evidence in the same manner as any other question of fact. The rule is applicable whether the attorney's fee is allowed by statute; * * * or by contract; * * *
> >
> > " '* * * * *.
> >
> > " 'The only exception to the rule, either in law or in equity, is when the parties stipulate that the court may fix the attorney's fee without hearing evidence on that issue.' State High. Com. v. Kendrick, 227 Or 608, 610-611, 363 P2d 1078 (1961)."

The court there construed ORS 20.085 allowing "reasonable attorney fees."

Nothing in ORS 107.105 (1)(h) authorizes the

court, in a suit for dissolution, to apply a different standard. *See also:* ORS 107.445.

We are of the opinion, however, that the record in this case warrants the award of an attorney fee to the wife. Accordingly, we remand this matter with instructions to permit the taking of testimony to determine what constitutes a reasonable attorney fee. *See Ray v. Ray,* 11 Or App 246, 502 P2d 397 (1972); *Claude v. Claude,* 180 Or 62, 174 P2d 179 (1946); *Claude v. Claude,* 191 Or 308, 228 P2d 776, 230 P2d 211 (1951); ORS 107.115 (3)(b).

Affirmed as modified and remanded with instructions.