Argued and submitted January 21, affirmed as modified and
remanded with instructions June 15, 1981

## In the Matter of the Marriage of

### OLSON,
*Appellant - Cross-Respondent,*
*and*
### OLSON,
*Respondent - Cross-Appellant.*

(No. 25589 CA 18391)

629 P2d 834

Robert P. Johnson, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Haessler, Tilbury & Platten, Portland.

Robert P. Van Natta, St. Helens, argued the cause for respondent - cross-appellant. With him on the brief was Van Natta & Peterson, St. Helens.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

THORNTON, J., dissenting in part opinion.

## RICHARDSON, P. J.

Husband appeals the decree of dissolution contending that the award of permanent spousal support was excessive, that the court improperly awarded wife retroactive spousal support, that the court erred in making wife the irrevocable beneficiary of his National Service Life Insurance policy and that the court abused its discretion in allowing wife's motion to set aside the default judgment and decree previously entered. Husband also objects to the award to wife of the interest earned on the proceeds from the sale of the parties residence.

Prior to their separation in September, 1979, the parties were married for 35 years. They had one child, a daughter who is now an adult. At the time of their separation the parties had savings accounts in various institutions totaling, after a deduction for purchase of wife's vehicle, $18,015.66. After the separation, the parties sold their residence; the net proceeds of $94,237.08 was received in the form of $73,457.08 cash, and a mortgage with a face amount of $20,780, payable at the rate of $125 per month. The parties agreed, at that time, that the proceeds of the sale would be divided equally. Accordingly, wife took $47,306.39 cash and husband took the mortgage and $26,150.69 cash.

When they separated, husband told wife to take the savings accounts. He voluntarily paid her $200 per month and paid certain of her living expenses.

Husband worked for many years at a local wood products plant and is now retired on a medical disability. At the time of trial, he was nearly 66 years old. His present income totals $1,480 per month and consists of a pension from his former employment ($316 monthly), disabled veterans' pension ($743 monthly) and Social Security retirement ($321 monthly).

Wife is 57 years old and in fair health. She worked very little during the marriage but had limited work experience caring for an aged invalid lady. She presently lives with her daughter and shares living expenses. She claims living expenses of approximately $560-$620 per month. Husband claims his monthly expenses total $786.

The trial court concluded the assets of the parties and the income should be divided equally. The division was based on the balances in the savings accounts at the time the parties separated and on the net proceeds from the sale of the residence. The court divided equally the cash proceeds from the sale of the residence and the cash in the savings accounts. Wife was allowed as a set off one-half of the monthly payment on the mortgage husband had received prior to trial and one-half of the lump sum payment husband had received from his employment retirement plan. The mortgage was divided equally by decreeing that each party should receive one-half of each monthly payment. Because wife had taken custody of the savings accounts prior to trial and had received more cash than husband from the sale of the house, husband was awarded a judgment in the amount of $18,940.05, which was in turn offset by an award of back spousal support. The net judgment to husband was $15,240.05 to be paid immediately and without interest.

The court awarded wife permanent spousal support of $739 per month. The court determined the spousal support should commence on October 1, 1979, the approximate date of the parties separation. The total amount of spousal support which would be due pursuant to the decree from October, 1979 to the date of the decree, less the amounts voluntarily paid by husband during that period, was stipulated to be $3,700. Husband stipulated to the amount but contended the court had no authority to award retroactive support.

■ Husband contends the court abused its discretion in setting aside the default judgment and decree previously entered. Based on the evidence presented to the court on this issue, we conclude the court did not abuse its discretion.

■ Taking up the remaining assignments, we conclude the court was without authority to award spousal support pending trial. Support *pendente lite* may be awarded under ORS 107.095. No such award was made in this case. ORS 107.105(1) provides:

"Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"*  *  *  *  *

"(h) A judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.095, and for any such further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party; or, in the absence of any such order or orders pendente lite, a like judgment for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit."

The language of ORS 107.105(1) expressly authorizes incorporation in the final decree only of sums "remaining unpaid upon any enforceable order." Retroactive spousal suport does not come within the final clause of that statute as an amount "reasonably necessary to enable such party to prosecute * * * the suit." The decree is modified to delete the award of $3,700 retroactive spousal support.

■      Husband's principal complaint is that the amount of permanent spousal support is excessive. The trial court stated as its philosophy that in the dissolution of a long term marriage there should be an equal division of the assets and the income. In *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), the court specifically rejected an approach that considered the income potential of a spouse developed during the marriage as an asset for equal division. The proper approach in determining spousal support pointed out in *Grove and Grove, supra,* is to provide the dependent spouse with sufficient income that that spouse may enjoy a standard of living not overly disproportionate to that enjoyed during the marriage. The amount and duration of spousal support should take into consideration the income potential of the dependent spouse as well as the financial provisions of the asset distribution. An automatic rule dividing the income equally does not give due consideration to the parties circumstances at the time of trial.

■      In this case, wife is 57 years old and has little work experience or formal employment oriented training.

Although her employment prospects are dim, she is employable and can earn some income to be applied to her living expenses. She presently earns $367 per month interest on the invested proceeds from the sale of the house and will receive $62.50 per month as her share of the mortgage payment. She will be required to make a lump sum payment to husband under the decree to equalize the property division. She undoubtedly will have to make this payment from the moneys she invested, thereby reducing her interest income. We conclude, considering all the factors set out in ORS 107.105(1) and *Grove and Grove, supra,* that the spousal support award should be reduced to $600 per month. This amount, in conjunction with income wife has the potential to earn, will allow her to maintain the modest standard of living enjoyed during the marriage. The decree is modified accordingly.

█    Husband contends the court did not have authority to order him to maintain wife as the irrevocable beneficiary of his National Service Life Insurance policy. We agree. *Baratta and Baratta,* 18 Or App 261, 524 P2d 1233 (1974).

█    Husband's final contention is that wife should receive only one-half of the interest on the invested proceeds of the sale of the residence which she earned pending trial. We conclude she should retain the interest earned, because husband also received cash from the sale and had that cash available for investment.

We note that there is an obvious error in the decree respecting the property division which neither party notes. In dividing the cash proceeds from the sale of the house the decree states husband received $20,780 in cash. In fact this figure was the face amount of the purchase money mortgage. Husband received $26,150.69 cash. Accordingly the decree is modified to reflect a judgment in favor of husband in the amount of $13,569.36

In summary, the decree is modified to delete the provision for retroactive spousal support in the amount of $3,700 and the provision that wife be maintained as irrevocable beneficiary of the National Service Life Insurance policy. The award of permanent spousal support is reduced to $600 per month, and the judgment in favor of husband is

reduced to $13,569.36. In all other respects the decree is affirmed. We remand for entry of a decree in conformance with this opinion.

Affirmed as modified and remanded with instructions. No costs to either party.

**THORNTON, J.,** dissenting in part.

In my view, permanent spousal support in the amount of $600 a month is excessive under all circumstances. Given husband's physical disability, wife's interest income and her capacity for at least part-time employment, spousal support in the amount of $400 a month would be more appropriate.

Except as set forth above, I concur in all respects with the majority.