IN RE:                                )
                                      )
    ESTATE OF FRED MOORE, JR.,        )
                                      )
    JENNIFER ELLEN MOORE AKIN,        )
                                      )
        Plaintiff/Appellant,          )    Appeal No.
                                      )    01-A-01-9603-CH-00139
v.                                    )
                                      )
MRS. FRED (LONDA) MOORE, JR.,         )    Williamson Chancery
                                      )    No. P-91-680
    Defendant/Appellee.               )

**FILED**

September 13, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR WILLIAMSON COUNTY

AT FRANKLIN, TENNESSEE

THE HONORABLE HENRY DENMARK BELL, CHANCELLOR

E.E. EDWARDS, III
JAMES A. SIMMONS
1707 Division Street, Suite 100
Nashville, Tennessee  37203-2701
    ATTORNEYS FOR PLAINTIFF/APPELLANT


JAMES V. DORAMUS
GREGORY MITCHELL
Doramus & Trauger
The Southern Turf Building
222 Fourth Avenue North
Nashville, Tennessee  37219-2102
    ATTORNEYS FOR DEFENDANT/APPELLEE

AFFIRMED IN PART, REVERSED IN PART,

AND REMANDED

SAMUEL L. LEWIS, JUDGE

O P I N I O N

Plaintiff/appellant, Jennifer Ellen Moore Akin, appeals from the chancery court's decision to deny her motion for summary judgment and to grant the motion for summary judgment of defendant/appellee, Mrs. Fred (Londa) Moore, Jr.

The facts out of which this matter arose are as follows. Fred Moore, Jr. was divorced from Jeanette Garrison Moore on 6 June 1980. They entered into a property settlement agreement which the court incorporated into the divorce decree. While married, the parties had one child, Jennifer Ellen Moore. The agreement provided that Fred Moore, Jr. was to obtain a life insurance policy on his life "in the minimum amount of $50,000.00 payable to wife as beneficiary for the use and benefit of Jennifer Ellen Moore." The agreement also provided that Mr. Moore would pay the sum of $350.00 per month as child support. On 1 October 1981, the court entered an amended order which decreased the amount of the child support to $150.00 per month. The amended order did not refer to the life insurance provision.

On 26 June 1981, Fred Moore married defendant. In obedience to the property settlement agreement and the decree of the trial court, Mr. Moore obtained and maintained a life insurance policy in the amount of $250,000.00 through Lincoln Income Life Insurance Company. He listed plaintiff as a beneficiary as required by the property settlement agreement and the decree.

On or about 19 January 1989, Fred Moore deleted plaintiff as a named beneficiary. As a result, defendant was the only remaining named beneficiary of the policy. Mr. Moore died in February 1990, and Lincoln Income Life Insurance Company paid the

2

entire face amount of the policy to defendant.

Defendant filed a petition to probate Mr. Moore's will in July 1991. The record in that case reveals that Mr. Moore owned a policy of insurance in the amount of $250,000.00 at the time of his death. The court entered a final settlement of the estate on 11 February 1992 with all proceeds being paid to defendant.

Plaintiff filed suit on 12 July 1993 seeking $50,000.00 of the proceeds from the life insurance policy. Both parties filed motions for summary judgment in September 1995. Shortly thereafter, the chancery court entered its final judgment. The court denied plaintiff's motion, granted defendant's motion, and dismissed plaintiff's complaint. Plaintiff filed her notice of appeal on 14 Decemer 1995. On appeal, plaintiff simply asks that this court determine whether the chancery court's decision was correct.

Defendant makes two arguments in support of the court's order. First, defendant contends that plaintiff's only claim against defendant individually is one for a constructive trust. Moreover, defendant argues that plaintiff can not prevail on such a claim because she failed to allege any improper conduct on the part of defendant. Second, defendant contends that plaintiff is simply a creditor of her father's estate with a possible claim for breach of contract because plaintiff did not have a vested right to the insurance proceeds. We address these arguments individually.

Defendant argues that plaintiff can not prevail on her constructive trust claim because plaintiff can not establish a necessary element of a constructive trust, i.e., that defendant comitted fraud or some other unconscionable conduct. "A constructive trust may only be imposed against one who, by fraud,

3

actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconsciousable conduct, artifice, concealment or questionable means, has obtained an interest in property which he ought not in equity or in good conscience retain." *Intersparax Leddin KG v. Al-Haddad*, 852 S.W.2d 245, 249 (Tenn. App. 1992). We agree that there is no proof in this record that defendant was individually guilty of fraud or other unconsciousable conduct; however, we are of the opinion that Mr. Moore and defendant were privies.

In *LeMay v. Dubenbostel,* No. 03-A-01-9110-CH-00354, 1992 WL 74584 (Tenn. App. 15 April 1992), this court held:

> [The second wife] was in privity with the deceased. Privies are not only those persons who are related by blood or law, but also those who are related through facts showing identity of interest. Privies are often said to have "derivative" interests. Examples of persons in privity each with the other, include heirs and ancestors, donees and donors, lessors and lessees. Where an insured changes the beneficiary on a life insurance policy and expires, the newly named beneficiary is in privity with the deceased insured.

*Id.* at *2 (citations omitted); *accord Goodrich v. Massachusetts Mut. Life Ins. Co.*, 34 Tenn. App. 516, 530, 240 S.W.2d 263, 270 (1951). In the past, courts have also held that a beneficiary is liable for the acts of the insured without questioning the relationship between the beneficiary and the insured. For example, in a case decided by the western section of this court, the decedent's ex-wife sued the decedent's sister to recover life insurance proceeds guaranteed the ex-wife in a divorce decree. *Harrington v. Boatright*, 633 S.W.2d 781, 782 (Tenn. App. 1982). The chancery court found that the sister held the proceeds of two life insurance policies in a constructive trust for the decedent's ex-wife's benefit as a result of the decedent changing the beneficiary in contravention of the divorce decree. *Id.* at 783. The chancellor awarded the proceeds to the ex-wife and this court

4

affirmed the decision. **Id.**

Defendant also argues that plaintiff can not recover the money because plaintiff never acquired a vested interest in it. Most Tennessee cases which have addressed this issue have dealt with the situation where at least one life insurance policy existed at the time the trial court entered the divorce decree. In these cases, the courts begin their discussions with the following general rule: When the insured retains the right to change the beneficiary, the beneficiary has only the mere expectancy of receiving the benefits under the policy. **See, e. g., Bell v. Bell**, 896 S.W.2d 559, 562 (Tenn. App. 3 March 1994). Courts then go on to conclude that the beneficiary's interest vests when a court enters a decree requiring the insured to maintain the policy and prohibiting the insured from changing the beneficiary. **Id.**

In **Brooks v. Brooks**, No. 03-A-01-9309-CH-00323, 1994 WL 71528 (Tenn. App. 1994), the decedent's ex-wife brought a cause of action against the decedent's second wife and his estate for the deficiency in the ex-wife's life insurance proceeds. **Id.** at *1. Pursuant to the ex-wife and the decedent's divorce decree, the decedent was to acquire and maintain $175,000.00 in life insurance and to name his ex-wife as the beneficiary. There were no life insurance policies in effect at the time of the divorce. **Id.** At the time of his death, the decedent had a $150,000.00 insurance policy naming his ex-wife as the beneficiary and other policies naming his second wife as the beneficiary. Because there were no policies in effect at the time of the divorce, the court held that the ex-wife's interest in the proceeds from the other policies did not vest. **Id.** at *2. Thus, the court did not allow the ex-wife to recover the $25,000.00 deficiency. **Id.** The eastern section affirmed the trial court's decision on appeal. **Id.**

5

The decision in **Brooks** would seem to foreclose any recovery on the part of plaintiff; however, the present case is distinguishable. In the instant case, the father obtained the appropriate insurance, albeit after the decree, and then changed the beneficiary. We are of the opinion that plaintiff obtained a vested interest in the insurance proceeds once Mr. Moore complied with the court's order. In **Brooks,** the decedent never complied with the court's order. The eastern section of this court has stated that "in all doubtful cases the doubt should be resolved against the one who has changed the beneficiary in defiance of a court order." **Holbert v. Holbert**, 720 S.W.2d 465, 468 (Tenn. App. 1986). In a case which was factually similar to the instant case, the court held as follows:

> It is a general rule in this jurisdiction where a judgment requires a party to maintain a life insurance policy for the benefit of another, a Court of equity will not allow the Court's judgment to be defeated by changing the beneficiary or cancelling the policy, but will impose the judgment obligation on any policy owned by the defendant at his death.

**LeMay**, 1992 WL 74584 at *3.

We hold that the second wife, the defendant, was in privity with the deceased and that plaintiff obtained a vested interest in the insurance proceeds when Mr. Moore complied with the court's order.

We have also considered plaintiff's issue of whether the trial court erred in failing to grant her motion for summary judgment. We are of the opinion after fully reviewing this record that there are material factual issues which preclude the granting of plaintiff's motion for summary judgment.

Therefore, it results that the judgment of the trial court is affirmed in refusing to grant the plaintiff's motion for summary

6

judgment and reversed in granting the defendant's motion for summary judgment. The cause is remanded to the trial court for further necessary proceedings. Costs are taxed one-half to plaintiff/appellant, Jennifer Ellen Moore Akin, and one-half to defendant/appellee, Mrs. Fred (Londa) Moore, Jr.


_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, J.

7