# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 25, 2015 Session

## CYNTHIA RHEA HELTON v. GREGORY HERBERT HELTON

**Appeal from the Chancery Court for Anderson County**
**No. 10CH1508     Hon. William Everett Lantrip, Chancellor**

---

### No. E2014-01861-COA-R3-CV-FILED-NOVEMBER 3, 2015

---

This post-divorce appeal concerns the trial court's denial of the husband's motion to terminate his spousal support obligation and to add his current wife as a beneficiary to his life insurance policy. We affirm the court's denial of the termination of the support obligation but reverse the court's denial of the request to amend the life insurance policy.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, and THOMAS R. FRIERSON, II, JJ., joined.

William J. Taylor, Knoxville, Tennessee, for the appellant, Gregory Herbert Helton.

Patty Jane Lay, Knoxville, Tennessee, for the appellee, Cynthia Rhea Helton.

## OPINION

## I.     BACKGROUND

Following approximately 30 years of marriage, Cynthia Rhea Helton ("Wife") and Gregory Herbert Helton ("Husband") were divorced by order of the trial court in April 2011. Two children, who have since attained the age of majority, were born of the marriage. As pertinent to this appeal, the court awarded Wife rehabilitative alimony at the rate of $2,000 per month for 40 months, to begin following the sale of the marital residence. The court also placed a constructive trust over Husband's $1,200,000 life insurance policy and designated Wife as the trustee. The court directed Husband to designate Wife as a one-third beneficiary, each of the two children as a one-sixth beneficiary, and his father, Herbert Helton ("Grandfather"), as a one-third beneficiary.

Husband appealed the court's decision, but a panel of this court denied the appeal for lack of a final order. Neither party filed an appeal of the final order.

Upon remand, Husband was initially non-compliant with the court's order to remit spousal support. He finally began remitting spousal support payments in November 2012, including an $8,000 deficiency payment for the preceding four months. One year later, Husband filed a motion to substitute his current wife, Cheryl Helton ("Cheryl"), as a beneficiary to his life insurance policy in place of Grandfather, who had predeceased him. Prior to the hearing on the motion, Husband filed a motion to terminate his spousal support obligation and to compel Wife to submit documentation of her efforts toward rehabilitation.[1] He claimed that Wife had been awarded spousal support to pursue the education and experience that would allow her to return to her employment as a licensed pharmacist. He alleged that her failure to take any step to regain her license since he began remitting spousal support justified the termination of his support obligation.

Wife objected, arguing that Grandfather's interest in the policy transferred to her and the children upon his death and that a substantial and material change in circumstances had not occurred to justify termination of the support obligation.

On March 14, 2014, a hearing was held on the motion to terminate the support obligation. Wife testified that her economic situation had not changed since the time of the divorce. She acknowledged that she did not have documentation to establish that she had taken specific steps to rehabilitate herself since she began receiving spousal support. She explained that she had purchased a book to study the new terminology in her field but that she was not yet knowledgeable enough to attend classes or apply for internships after her 20-year absence from the pharmaceutical field.

Husband admitted that he was able to remit the spousal support payments as required but asserted that Wife had not provided any proof to establish that she had taken any step toward rehabilitation to justify further support.

Following the presentation of the above evidence, the trial court denied Husband's request to terminate his support obligation and awarded Wife attorney fees for her defense of the support obligation. Thereafter, the court also denied the motion to substitute Cheryl for Grandfather in the life insurance policy. The court stated,

---

[1] The motion was titled as a motion to compel. However, Husband requested entry of an order terminating his support obligation or entry of an order compelling Wife to supply evidence of her steps toward rehabilitation.

- 2 -

The asset was awarded as part of the final decree to [Wife] as a division of the property. She took that policy with restrictions placed on it as it relates to the interest of third parties.

The court is without power to divest or alter the division of that insurance policy at this time. I believe that that is an asset owned by [Wife]. She's subject to the restrictions placed on it.

The death of a . . . beneficiary designated may very well mean that the beneficiary of that trust no longer exists and the ownership interest is with [Wife]. For that reason the [c]ourt is overruling the motion.

This timely appeal followed.

## II.    ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.    Whether the trial court erred in denying Husband's request to terminate his spousal support obligation.

B.    Whether the trial court erred in denying Husband's request to amend his life insurance policy.

C.    Whether Wife is entitled to attorney fees on appeal.

## III.    STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

"[M]odification of a spousal support award is 'factually driven and calls for a careful balancing of numerous factors.'" *Wiser v. Wiser*, 339 S.W.3d 1, 11 (Tenn. Ct. App. 2010) (quoting *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001)). "Generally,

the trial court's decision on whether to modify spousal support is not altered on appeal unless the trial court abused its discretion." *Id.* (citing *Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn. Ct. App. 1999)). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). "Consequently, when reviewing . . . an alimony determination, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105-06 (Tenn. 2011) (citations omitted).

## IV. DISCUSSION

### A.

Citing *Irvin v. Irvin*, No. M2011-02424-COA-R3-CV, 2012 WL 5993756 (Tenn. Ct. App. Nov. 30, 2012), *perm. app. denied* (Tenn. Apr. 10, 2013), Husband argues that termination of his support obligation was warranted because Wife had not taken any significant steps to rehabilitate herself to regain her employment as a pharmacist. Wife responds that Husband failed to establish a substantial and material change in circumstances to support the termination of his support obligation.

"Alimony" is defined, in pertinent part, by Black's Law Dictionary, 9th edition, as

[a] court-ordered allowance that one spouse pays to the other spouse for maintenance and support . . . after they are divorced.

Tennessee recognizes four different types of alimony: rehabilitative alimony, transitional alimony, alimony in futuro, and alimony in solido. The type of alimony at issue in this case, rehabilitative alimony, is temporary support intended to assist the economically disadvantaged spouse in obtaining the education or training necessary to allow him or her to achieve a reasonable standard of living in comparison to the standard of living maintained by the parties during the marriage, or to the post-divorce standard of living available to the other spouse. Tenn. Code Ann. § 36-5-121(e)(1). Awards of rehabilitative alimony "remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of a substantial and material change in circumstances." Tenn. Code Ann. § 36-5-121(e)(2). The award may also be "extended beyond the term initially established by

the court" or "increased in amount, or both" upon a showing by the recipient "that all reasonable efforts at rehabilitation have been made and have been unsuccessful." Tenn. Code Ann. § 36-5-121(e)(2).

In determining whether to award alimony, the court must first consider whether the spouse seeking alimony is economically disadvantaged. *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003). "Once the trial court has found a party to be economically disadvantaged relative to his or her spouse, it must determine the nature, amount, length of term, and manner of payment of the award." *Id.* The two most relevant factors in determining the amount of alimony awarded are the economically disadvantaged spouse's need and the obligor spouse's ability to pay. *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn.2002). When considering these two factors, the primary consideration is the disadvantaged spouse's need. *Watters v. Watters*, 22 S.W.3d 817, 821 (Tenn. Ct. App. 1999).

In *Irvin*, the wife was awarded rehabilitative alimony to pursue additional education. 2012 WL 5993756, at *21-23. This court denied the husband's initial appeal for lack of a final order. *Id.* at *8. Upon remand, the trial court considered additional motions submitted by the husband, including a motion to terminate spousal support because the wife had not taken steps to pursue her education as promised. *Id.* The wife admitted at the post-remand hearing that she did not intend to pursue any further education. *Id.* at *11. Despite the wife's admission, the trial court upheld the award based upon procedural grounds. *Id.* at *21. This court reversed and terminated the award in light of the wife's admission, finding that she was no longer in need of support to pursue additional education. *Id.* at *21-23.

Unlike the support recipient in *Irvin*, Wife testified that she was in the process of pursuing additional education. She alleged that she fully intended to return to the pharmaceutical field but that she lacked the requisite knowledge to apply for internships or attend courses at the present time. She asserted that she purchased a book to aid her in her preparation. She believed further study of the book would ready her for the necessary internships and courses. Additionally, she had further need of support, and Husband maintained the ability to remit support. Under these circumstances, we affirm the court's denial of Husband's request to terminate his spousal support obligation when he failed to establish a substantial and material change in circumstances.

B.

Husband argues that the court erred in denying his request to amend the life insurance policy following Grandfather's death. He claims that he retained a one-third interest in the policy as evidenced by his selection of Grandfather as a beneficiary. Wife

- 5 -

responds that the policy was awarded to her as marital property and that the court was without jurisdiction to modify the division of property once the divorce became final. She claims that Grandfather's interest automatically transferred to her and the children upon his passing.

Beneficiaries named in a life insurance policy ordinarily hold a "mere expectancy," not a "vested right or interest in the policy." *Herrington v. Boatright*, 633 S.W.2d 781, 783 (Tenn. Ct. App. 1982). "However, where a divorce decree requires the husband to keep a life insurance policy in effect and denies him the right to change the beneficiary, then the [named beneficiaries hold] a vested interest in the policy." *Id.*

At the time of the divorce, the court did not address the potential need for a change in the beneficiary designations in the event that a beneficiary predeceased Husband. Wife maintains that such a provision was unnecessary because she was awarded sole ownership of the policy as a marital asset. Wife is correct that the court initially stated in the transcript that the policy was awarded to her as a marital asset; however, the judgment of divorce provided, in pertinent part, as follows:

> *[Husband] and Wife are awarded their respective life insurance policies*; however, the [c]ourt hereby places a constructive trust over Husband's [$1,200,000] life insurance policy (approximate value) with Wife serving as Trustee. Husband shall designate [Wife] a one/third beneficiary (1/3); Husband's two children . . . each a one-sixth (1/6) beneficiary; and [Grandfather] a one-third (1/3) beneficiary. These beneficiary designations shall be irrevocable. Wife, as Trustee, shall receive notices from the insurance company of all activity pertaining to this policy. No one shall encumber this policy. The parties will cooperate with each other to effectuate this provision.

(Emphasis added).

Husband, through the constructive trust, retained ownership of the policy but was specifically directed by the trial court to allocate a one-third interest in the policy to Wife. Wife held a vested interest in one-third of the policy but did not automatically assume a *vested* interest in Grandfather's share upon his passing. At most, she gained an expectancy of a portion of his share in the event that his share was not otherwise allocated prior to Husband's passing. Accordingly, the trial court erred in denying the motion to amend the life insurance policy. As the owner of the policy, Husband is permitted to reallocate Grandfather's interest. As trustee, Wife must implement any changes directed by Husband that do not conflict with the divorce judgment.

## C.

Wife requests attorney fees on appeal. Tennessee Code Annotated section 27-1-122 provides for an award of sanctions in the form of attorney fees when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). An award of attorney fees on this ground is unwarranted because this appeal is not frivolous as evidenced by our reversal of the trial court's refusal to allow an amendment to the life insurance policy.

However, a right to recover attorney fees for the enforcement of any decree for alimony was created in Tennessee Code Annotated 36-5-103(c), which provides,

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, *in the discretion of such court*.

(Emphasis added). Exercising our discretion, we respectfully deny the request for attorney fees on appeal.

## V.    CONCLUSION

The judgment of the trial court is affirmed in part, as to the denial of the motion to terminate the spousal support obligation. The judgment of the trial court is reversed in part, as to the court's denial of motion to amend the life insurance policy. The case is remanded for proceedings consistent with this opinion. Costs of the appeal are taxed one-half to the appellant, Gregory Herbert Helton, and one-half to the appellee, Cynthia Rhea Helton.

_____
JOHN W. McCLARTY, JUDGE