**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Anna Mae (Houdek) DONALL,**
**Defendant-Appellant,**

**and**

**Mary Barbara Houdek and Camille Sam Abood, administrator of the Estate of Henry J. Houdek, Deceased, Defendants-Appellees.**

**No. 72–1313.**

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 1972.

William L. Mackay, Lansing, Mich., for appellant; Newman & Mackay, Lansing, Mich., on brief.

Camille Sam Abood, Lansing, Mich., for appellees; Abood, Abood & Abood, Lansing, Mich., on brief.

Before WEICK and CELEBREZZE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This action was brought in the nature of a bill of interpleader by the United States, seeking resolution of conflicting claims for the proceeds of a National Service Life Insurance (NSLI) policy on the life of Henry J. Houdek, deceased. *See generally* 38 U.S.C. §§ 701–725, 784(a) (1970).

The NSLI policy, in the amount of $10,000, was issued to Henry J. Houdek with an effective date of March 5, 1951. He named his then wife, Anna Mae Houdek, as principal beneficiary and his mother, Mary Barbara Houdek, as contingent beneficiary.

Henry J. Houdek and Anna Mae Houdek were divorced on June 17, 1955, in the Ingham County, Michigan, Circuit Court, with no children having been born from that marriage. Henry remarried on June 1, 1957, was borne a son by his second wife, and was again divorced in February 1968. Anna Mae similarly remarried after her divorce from Henry.

Henry J. Houdek died on December 23, 1969, without having changed his first wife, Anna Mae, and his mother, Mary Barbara, as principal and contingent beneficiaries, respectively, under the NSLI policy.

Defendant-Appellant, Anna Mae (Houdek) Donall, filed a claim for the proceeds of the NSLI policy as the named principal beneficiary thereunder. Defendant-Appellee, Mary Barbara Houdek, claimed the proceeds of the policy as contingent beneficiary, asserting that Anna Mae (Houdek) Donall was divested of any interest in the policy by the terms of the June 17, 1955, divorce decree and under Mich.Stat.Ann. § 25.131.[1]

Upon facts stipulated by the parties, the District Court granted Mary Barbara Houdek's motion for summary judgment. The Court held that the decedent's mother was entitled to the proceeds of the policy "pursuant to Michigan Statutes,[2] pursuant to the Decree,[3] pursuant to all intents and purposes, the obvious intents and purposes of the parties." (Footnotes added.) We reverse.

It is well established that questions respecting the proper beneficiaries under NSLI policies are governed by federal law rather than state divorce law or state court divorce decrees. *See, e. g.,* Hoffman v. United States, 391 F.2d 195 (9th Cir. 1968); McCollum v. Sieben, 211 F.2d 708 (8th Cir. 1954); Morgan v. United States, 315 F.Supp. 213 (E.D.Ky.1969); Fitzstephens v. United States, 189 F.Supp. 919 (D.Wyo. 1960); Eldin v. United States, 157 F.Supp. 34 (S.D.Ill.1957). *Cf.* Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950); Dyke v. Dyke, 227 F.2d 461 (6th Cir. 1955), cert. denied, 352 U.S. 850, 77 S.Ct. 70, 1 L.Ed.2d 61 (1956) (rejecting state property law in

---

1. *See* notes 2 and 3, *infra.*

2. Mich.Stat.Ann. § 25.131, M.C.L.A. § 552.101, upon which Mary Barbara Houdek relies, provides in pertinent part:
   "Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, and unless otherwise ordered in said decree such policy or contract shall thereupon become and be payable to

the estate of the husband or to such named beneficiary as he shall affirmatively designate. . . . "

3. The relevant paragraph of the June 17, 1955, divorce decree provided as follows:
   "It is further ordered, adjudged and decreed, that all rights of either party in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the other party, in which he or she was named or designated as beneficiary, or to which he or she became entitled by assignment or change of beneficiary, during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, are hereby cut off and at an end."

determining proper beneficiary under NSLI policies).

■ In Wissner v. Wissner, *supra,* 338 U.S. at 658, 70 S.Ct. at 400, the Supreme Court set the foundation for this rule by emphasizing that the controlling section of the National Service Life Insurance Act [38 U.S.C. § 717(a) (1970) for purposes of the present case] explicitly establishes the right of the insured to designate and change beneficiaries as he chooses:

> "Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other."

Just as the community property laws of California could not prevent the named beneficiary from receiving the NSLI policy proceeds in the *Wissner* case, so Mich.Stat.Ann. § 25.131 and the language of the state court's divorce decree cannot prevent Anna Mae (Houdek) Donall from receiving the proceeds as named principal beneficiary in the present case.

■ Nor is there any evidence to suggest that Henry J. Houdek either intended to, or attempted to, remove Anna Mae (Houdek) Donall as principal beneficiary. In this respect, we recognize that literal compliance with the requirements for written notice to the Veterans Administration is not always necessary in order to effectively change a beneficiary under a NSLI policy. Rath-er, as noted in Mitchell v. United States, 165 F.2d 758, 760 (5th Cir. 1948), "in war-risk insurance cases involving change of beneficiary the courts will brush aside all legal technicalities in order to effectuate the manifest intent of the insured." *See also* Stone v. United States, 272 F.2d 746 (5th Cir. 1959); Hawkins v. Hawkins, 271 F.2d 870 (5th Cir. 1959); United States v. Pahmer, 238 F.2d 431 (2d Cir. 1956), cert. denied, 352 U.S. 1026, 77 S.Ct. 592, 1 L.Ed. 2d 597 (1957); Legatie v. United States, 40 F.R.D. 114, 118–119 (E.D. N.Y.1966). Nonetheless, and notwithstanding the District Court's unfounded reference to the "obvious intents and purposes of the parties," the record is barren of any evidence of Henry J. Houdek's intent to change beneficiaries under his NSLI policy.[4]

We conclude that the District Court erred in granting summary judgment for Mary Barbara Houdek. In view of the stipulated facts upon which both parties moved for summary judgment, Anna Mae (Houdek) Donall, as the named principal beneficiary, is entitled to the proceeds of the NSLI policy as a matter of law. This result may or may not be consistent with speculation as to the insured's intent. In the absence of any evidence respecting that intent, however, it is the only result which gives effect to the insured's power to designate the beneficiary of his choice—a power which Congress has explicitly es-

---

4. As set forth in note 3, *supra,* the relevant portion of the divorce decree makes no specific reference to the NSLI policy. We therefore do not believe that the decree itself can be said to reflect the insured's intent respecting the beneficiaries under that policy. We aver no opinion as to the weight which might be given to a decree containing specific reference to a NSLI policy.

The only evidence which might be said to reflect upon the insured's intent respecting the beneficiaries under the NSLI policy consists of two applications for reinstatement which were signed by the insured and submitted to the Veterans Administration some eight years and eleven years, respectively, after his divorce from Anna Mae. Each form contained the following provisions in fine print above the insured's signature:

"If my application for reinstatement is approved, the last designation of beneficiary and selection of optional settlement, on the insurance reinstated, will continue in effect unless otherwise specified in writing over my signature and received by the Veterans Administration. (Use VA Ford 9–336, 'Change or Designation of Beneficiary and/or Change or Selection of Optional Settlement.')"

Although the District Court concluded that Henry J. Houdek had failed to read or understand the above provision, the record contains no evidence to support this conclusion and rebut the presumption that he did read and understand the forms he signed.

tablished under the National Service Life Insurance Act, as amended, 38 U. S.C. § 717(a) (1970). *See* Wissner v. Wissner, *supra,* 338 U.S. at 658, 70 S. Ct. 398, 94 L.Ed. 424.

The judgment of the District Court is therefore reversed, and the case is remanded with instructions to grant the motion of Defendant-Appellant, Anna Mae (Houdek) Donall, for summary judgment and to determine and allow reasonable attorney's fees pursuant to 38 U.S.C. § 784(g) (1970).