Audrey ALFORD, Plaintiff,

v.

**UNITED STATES of America,
Defendant.**

No. C 72–138.

United States District Court,
N. D. Ohio, E. D.

Aug. 14, 1973.

J. Melvin Andrews, Arthur M. Illenberger, Eastlake, Ohio, for plaintiff.

Clarence L. Sharpe, Asst. U. S. Atty., Cleveland, Ohio, for defendant.

Julien C. Renswick, Cleveland, Ohio, for co-defendant Robinson, Executor.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

The issue in this case is whether plaintiff Audrey Alford made a valid and enforceable assignment of the proceeds of National Life Insurance Policy V61–37–29 to Eunice Dawson. Defendant James C. Robinson is executor of the Estate of Eunice Dawson. The Government's interest is that of a stakeholder because it has paid no proceeds under the life insurance policy but concedes that it is obligated to pay the proceeds to either plaintiff or defendant.

The relevant facts have been stipulated by counsel.

## I. BACKGROUND OF THIS DISPUTE

The insured, Matthew Dawson, Jr., died on December 17, 1970, leaving a valid National Service Life Insurance policy in the face amount of $10,000 for which his sister, Audrey Alford (plaintiff), was designated principal beneficiary and his father, Matthew Dawson Sr., was designated contingent beneficiary. He was survived by his widow, Eunice Dawson, who was in ill health.

Following the funeral for the insured decedent, plaintiff and her father told a representative of the Georgia Veterans Service Bureau that they wished to assign their rights to receive the proceeds from the policy to the insured decedent's widow, Eunice Dawson. With Eunice Dawson and Eunice Dawson's brother, James C. Robinson (defendant), present, plaintiff signed the following affidavit on December 21, 1970:

This is to certify that I Mrs. Audrey Alford, now residing at 14033 Sperry Road, Novelty, Ohio, 44072 am the sister of the above-named, deceased veteran who died December 17, 1970 in Akron County, South Carolina. I wish to assign all of the proceeds of the insurance that may be or is designated to me to receive by my brother to his widow, Mrs. Eunice Elizabeth Dawson, P.O. Box 14, Clearwater, S. C., 29822. The policy number is shown above. I relinquish all rights to this insurance in favor of the widow, Mrs. Eunice Elizabeth Dawson, and request that these insurance benefits to be paid to her directly.

Attached also is a like statement from the contingent beneficiary, and if there is anything further that should be done pertaining to this matter, I shall be glad to cooperate.

If the widow wishes to receive the proceeds of this insurance to lump sum, this is also agreeable with me.

Plaintiff's father signed a similar affidavit. Eunice Dawson did not fill out a claim for the proceeds at that time but instructed the stenographer at the Georgia Veterans Service Bureau to retain the affidavits in her desk until such time as Eunice Dawson could return. However, she died on December 25, 1970, without filling out a claim for the proceeds and without authorizing the stenographer to send the affidavits to the Veterans Administration.

On December 28, 1970, plaintiff's father wrote to the Georgia Veterans Service Bureau asking if he and plaintiff could revoke the waiver. On the same day, defendant, as executor of the estate of the widow, Eunice Dawson, filled out claim forms for the policy proceeds at the Georgia Veterans Service Bureau. Defendant's claim was sent to the Veteran's Administration Center in Philadelphia on January 5, 1971. On January 12, 1971, plaintiff and her father wrote to the Director of the Veterans Administration Center in Philadelphia purporting to revoke the waiver of benefits.

Initially, on February 23, 1971, an insurance officer of the Veterans Administration Center in Philadelphia informed plaintiff that the Administration would pay the benefits to her. How-

ever, on December 9, 1971, the Board of Veterans Appeals reversed the administrative decision and awarded the benefits to defendant as executor of the estate of the widow, Eunice Dawson. Plaintiff instituted this action on February 9, 1972.

## II. DISCUSSION OF LAW

■ The rights of beneficiaries of insurance policies issued by the Government to servicemen are governed by federal law. Wissner v. Wissner, 338 U.S. 655, 660, 661, 70 S.Ct. 398, 94 L.Ed. 424 (1950); United States v. Donall, 466 F. 2d 1246, 1247 (6th Cir. 1972); Dyke v. Dyke, 227 F.2d 461, 464 (6th Cir. 1955), cert. denied, 352 U.S. 850, 77 S.Ct. 70, 1 L.Ed.2d 61 (1956). In fact, the insurance policy itself clearly states that it is governed by federal law:

18. Authority. This insurance is subject to and granted under the provisions of the National Service Life Insurance Act of 1940 and amendments or supplements thereto, and regulations promulgated pursuant thereto, and is subject to the provisions of this policy.

The major issue in this case is whether the Manual for Adjudication Procedure for Death Benefits promulgated by the Veterans Administration constitutes federal law which is binding in this dispute between persons claiming to be beneficiaries.

Assignment of National Service Life Insurance benefits to the widow of the insured decedent is permitted only pursuant to 38 U.S.C. § 718(a):

Assignments of all or any part of the beneficiary's interest may be made by a designated beneficiary to a widow, . . . when the designated contingent beneficiary, if any, joins the beneficiary in the assignment, and if the assignment is delivered to the Veterans' Administration before any payments of the insurance shall have been made to the beneficiary.

The regulations regarding assignments, 38 C.F.R. § 8.59, include no further relevant provisions for assignments. However, the Manual for Adjudication Procedure for Death Benefits states that an assignment is revocable until acted upon by the Veterans Administration and is cancelled if the assignee dies before payment. The Manual provides in relevant part:

After the assignment is made and the initial payment thereunder to the assignee is effected, the assignment becomes irrevocable. If the assignee dies before any payment is made the assignment will be disregarded. M21–2, 8.04.

Obviously, if the Manual is the controlling law in this situation, the waiver made by plaintiff and her father was revoked on December 25, 1970, by the death of the widow Eunice Dawson.

■ The Court is aware of no specific case law regarding the relation of this Manual to the rights of persons to insurance proceeds. However, an analogous situation relating to the Low Rent Management Manual issued by the Department of Housing and Urban Development (HUD) was addressed by the Supreme Court in Thorpe v. Housing Authority of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). In Thorpe the parties were a local housing authority receiving funds from HUD and a tenant. The Court there determined that the Manual issued by HUD was valid and governed the rights and duties of the housing authority and tenant. By analogy, the Manual for Adjudication Procedure for Death Benefits is similarly binding on the parties. It was validly promulgated pursuant to 38 U.S. C. § 210(c) to execute the statutory policy of limiting assignments to close relatives of the insured decedent. See 38 U.S.C. §§ 718(a), 3101.

■ Even without the benefit of the Manual provision, however, plaintiff is entitled to the benefits. The statute

permits assignments of benefits only if the assignment is delivered to the Veterans Administration. 38 U.S.C. § 718(a). Since the stenographer was instructed to retain rather than process the waiver affidavit and since the policy was not actually received by the Veterans Administration until after the death of the widow, there was never a complete assignment as permitted under the statute.

■ Furthermore, the decision of the Board of Appeals did not constitute a novation of the waiver by the Veterans Administration. A novation makes the waiver irrevocable under the Manual after the Veterans Administration has acted thereon:

> An assignment of NSLI becomes irrevocable when VA has taken such action on the assignment which, in substance, would be regarded as a novation. M21–2, 809(c).

The Veterans Administration has, however, taken no final action in this case. No payment has been made. The Administration's most recent action, the decision of the Board of Appeals, does not become final if legal action is instituted within 60 days of the decision. 38 U.S.C. § 784. Since legal action was instituted within that time and since this Court finds that Board of Appeals decision was in error, there has been no final action by the Veterans Administration and therefore could be no novation.

### III. CONCLUSION

Under both the provisions of the Manual and the clear implication of the statutory provisions permitting assignments, the waiver signed by plaintiff and her father did not result in a valid and enforceable assignment. Plaintiff as the principal beneficiary of the proceeds is presently entitled to those proceeds.

The Court, therefore, enters judgment in favor of plaintiff. This case is. hereby closed.

It is so ordered.