**Brigitte LEWKOWICZ, Temporary Personal Representative of the Estate of John David Lewkowicz, Deceased, Plaintiff,**

v.

**Judith A. LEWKOWICZ, Defendant.**

**Civ. No. 90–73118.**

United States District Court,
E.D. Michigan, S.D.

April 15, 1991.

Myron F. Poe, Poe & Stanesa, Royal Oak, Mich., for plaintiff.

Irving M. Stahl, Southfield, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

### Jurisdiction

Plaintiff Brigitte Lewkowicz filed this complaint October 26, 1990, in the Circuit Court for the County of Oakland. Defendant Judith Lewkowicz removed this action to federal court January 7, 1991. Defendant had filed a motion for summary judgment November 6, 1990. Plaintiff's response to this motion was filed February 1, 1991; and a reply to the response was filed February 25, 1991. Oral argument was heard March 27, 1991. Plaintiff filed a supplemental brief regarding this motion April 2, 1991; and defendant filed a supplemental brief April 9, 1991.

### Facts of the Case

John David Lewkowicz, now deceased, was employed by the Federal Aviation Administration ("FAA"). The FAA provided him with group life insurance benefits administered through the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701 et seq.

John was married to Judith A. Lewkowicz from March 14, 1975, until their divorce October 25, 1985. During this marriage John designated Judith as sole beneficiary of his FEGLI policy.

On October 25, 1985, the state circuit court issued a default judgment of divorce ending John and Judith's marriage. The divorce judgment provided in part: "... that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other as beneficiary are hereby extinguished...." Plaintiff Motion to Remand, Exhibit "C", p. 4.

Subsequent to his divorce from Judith, John executed a holographic will July 14, 1988, in which he devised certain real and personal property to Brigitte Ann Brooks. John and Brigitte were then married October 21, 1989.

On June 22, 1990, John wrote to the Office of Personnel and Management in Washington, D.C., to clarify that he was divorced from Judith and presently married to Brigitte. It appears that the purpose of the communication was to secure Blue Cross/Blue Shield health care benefits for Brigitte.

John died August 2, 1990, and death benefits from the FEGLI policy became due in the amount of $135,000.

### Analysis

The court must decide whether the state divorce judgment extinguished the rights of Judith, the named beneficiary, to the proceeds from the FEGLI policy. If those rights were not extinguished, the court must further decide whether John ever properly changed the named beneficiary on his FEGLI policy.

Federal courts have strictly construed the requirements for changing the named beneficiary on a FEGLI policy. *Mercier v. Mercier,* 721 F.Supp. 1124 (D.N.D.1989); *Metropolitan Life Ins. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983). These requirements are set forth in 5 U.S.C. § 8705(a) as follows:

> The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid ... to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.... *For this purpose, a designation, change or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.*

(emphasis added).

The first issue addressed is whether a state divorce judgment alone can effect a change or cancellation in a named beneficiary. Federal courts have addressed this issue and are in agreement that § 8705 preempts any changes in FEGLI policy that are dictated by state divorce decrees and marriage settlements. *Dean v. Johnson,* 881 F.2d 948 (10th Cir.1989); *Mercier v.*

*Mercier*, 721 F.Supp. 1124 (D.N.D.1989); *Metropolitan Life Ins. v. McShan*, 577 F.Supp. 165 (N.D.Cal.1983); *Knowles v. Metropolitan Life*, 514 F.Supp. 515 (N.D. Ga.1981).

In addition, § 8709(d)(1) dictates, "[t]he provisions of this chapter [5 U.S.C. §§ [8701] *et seq.*] which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof ... which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions." 5 U.S.C. § 8709(d)(1).

If the life insurance policy had been a private contract, provisions in the divorce judgment would have effected a change in beneficiary. In a FEGLI policy, however, 5 U.S.C. § 8701 governs the change. The divorce judgment was not executed and filed with the employing office as required by the statute. Therefore, it has no force or effect in changing the named beneficiary.

■ Because the divorce judgment did not extinguish Judith's rights to the proceeds of the policy, the court must further determine whether John properly effected a change in beneficiary before his death. The aforementioned statute requires a signed, witnessed writing sent to the insured's employing office. In his letter to the Office of Personnel and Management, John requested that his former wife's name be removed from his records and replaced with the name of his present wife. This writing made no reference to the FEGLI policy and appears to secure only health care benefits for Brigitte. Furthermore, this writing was not witnessed nor was it sent to the employing office. Therefore, this court finds that the statutory requirements to change the named beneficiary were not met.

In a supplemental brief plaintiff discussed a recent court of appeals decision which upheld a district court's creation of a constructive trust covering some proceeds of a FEGLI policy. *Rollins v. Metropolitan Life Ins.*, 912 F.2d 911 (7th Cir.1990).

In *Rollins* an Indiana divorce decree provided that the insured was to maintain an existing $10,000 life insurance policy in the name of his three children. The insured allowed that policy to lapse but was covered by a $100,000 FEGLI policy at his death. The children then brought an action for imposition of a constructive trust on those proceeds. The court of appeals affirmed the lower court's imposition of the constructive trust on only $10,000 of the $100,-000 policy.

The *Rollins* decision is distinguishable from the present case. The Michigan divorce decree did not require Mr. Lewkowicz to *maintain* a life insurance policy in the name of any person(s) as did the Indiana decree in *Rollins*. In addition, the insured in *Rollins* never named a beneficiary for the proceeds of his FEGLI policy. Once a beneficiary is named, any changes must conform with statutory requirements.

Plaintiff asserts that this matter should not be summarily decided. However, in a Sixth Circuit case which is almost directly on point, the court of appeals in remanding the case instructed the district court to grant summary judgment to the named beneficiary of a National Service Life Insurance ("NSLI") policy, a policy similarly governed by federal law. *United States v. Donall*, 466 F.2d 1246, 1249 (6th Cir.1972). "It is well established that questions respecting the proper beneficiaries under NSLI policies are governed by federal law rather than state divorce decrees." *Id.* at 1247. In *Donall* a Michigan divorce decree, which was nearly identical to the present case, sought to extinguish the rights of each party in the other's insurance policies. The insured wife had been the named beneficiary in his NSLI policy. However, the insured never changed the named beneficiary after the divorce even though he subsequently married and then divorced another woman. The insured's mother, who had been named contingent beneficiary in the policy, attempted to claim the proceeds asserting that the state divorce decree had cut off the first wife's rights to the policy. The court of appeals not only found in favor of the named bene-

ficiary, the insured's first wife, but also instructed the lower court to grant her motion for summary judgment. *Id.* at 1249. Furthermore, the portion of the *Donall* decision that discussed determining the insured's manifest intent was overruled by *Huff v. Metropolitan Life Ins.*, 675 F.2d 119 (6th Cir.1982). Therefore, the issue of John Lewkowicz's intent is irrelevant in the present case.

While the intent of the decedent is, under controlling authority, irrelevant, and while the Michigan divorce decree is of no force or effect, in removing his former wife as beneficiary, given the provisions of 5 U.S.C. §§ 8705, 8709(d)(1), the result herein appears to be harsh indeed. The rather hostile language of the decedent in requesting removal of the defendant's name from his medical insurance coverage and other documents on file with the F.A.A. certainly are persuasive indications that he would not have wished the proceeds of his life insurance to go to his former wife rather than to his widow and children. Nevertheless, this court has no option regarding this matter, and can only suggest that the Congress might wish to act appropriately to prevent possible future instances of this sort.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties. [Citation omitted]. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th Ed.1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the non-

movant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249–50, 106 S.Ct. at 2511. (Citations omitted); *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must pro-

duce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

The court finds there are no issues of material fact. Judgment is to be entered in favor of the defendant Judith A. Lewkowicz.

### ORDER

IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.