*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0423P (6th Cir.)
File Name: 02a0423p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

HESTER SANDERS, Mother;
HELEN R. STIEFEL, Sister,
  *Defendants-Appellees,*

CARRIE S. SANDERS,
individually and as co-
executor of the estate of
Marvin C. Sanders,
  *Defendant-Appellant,*

JAMES STEPHENS, as co-
executor of the estate of
Marvin C. Sanders,
  *Defendant.*

No. 01-5075

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 99-00337—John Powers, Magistrate Judge.

Argued: September 17, 2002

1

Decided and Filed:  October 2, 2002[*]

Before:  GUY and BATCHELDER, Circuit Judges;
QUIST, District Judge.[**]

———————————

**COUNSEL**

**ARGUED:**   Mark Stewart, Winchester, Tennessee, for Appellant.    Howard  G.  Swafford,  SWAFFORD  & SWAFFORD,  Jasper,  Tennessee,  M.  Kent  Anderson, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellees.  **ON BRIEF:**  Mark Stewart, Winchester, Tennessee, for Appellant.  Howard G. Swafford, SWAFFORD & SWAFFORD, Jasper, Tennessee, M. Kent Anderson, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellees.

———————————

**OPINION**

———————————

PER CURIAM.  Appellant Carrie S. Sanders appeals from the grant of summary judgment in favor of Hester Sanders and Helen R. Stiefel in this interpleader action filed by the United States of America.  Appellant argues that the district court erred in applying state law to determine the effectiveness of a change of beneficiary made by a guardian for an incompetent, insured veteran on an insurance policy issued under the National Service Life Insurance (NSLI) program.  38 U.S.C. § 1904.  After review, we affirm.

———————————

[*] This decision was originally issued as an "unpublished decision" filed on October 2, 2002.  On December 6, 2002, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

## I.

While in the U.S. Army during World War II, Marvin Sanders purchased two NSLI policies. Marvin Sanders designated Hester Sanders, his mother, as the principal beneficiary on both policies. Helen Stiefel, his sister, was the contingent beneficiary on one policy. A brother, who predeceased Marvin Sanders, was the contingent beneficiary on the other policy.

Upon his discharge in 1944, Marvin Sanders was declared incompetent, and a guardian was appointed by the Chancery Court of Grundy County, Tennessee. In 1976, Marvin Sanders married Carrie Sanders. In 1977, Marvin Sanders's guardian, Cleveland Bank and Trust Company, submitted a Designation of Beneficiary form, which changed the beneficiary on the two policies to "Mrs. Marvin Sanders." The Veterans Administration accepted the change of beneficiary.

In 1994, a successor guardian, Steven Witt, submitted a second designation naming Carrie Sanders as the beneficiary. Witt was responding to a Veterans Administration inquiry into the identity of "Mrs. Marvin Sanders." Neither guardian received court approval of the change of beneficiary. No one disputes that Marvin Sanders remained incompetent until his death in 1999.

Upon his death, Marvin Sanders's mother and sister filed an action against the United States claiming to be the lawful beneficiaries under the two policies. The court ordered the realignment of the parties, and the United States filed an interpleader complaint naming the mother, sister, and wife as defendants.

The case was tried by a magistrate judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). The defendants filed cross motions for summary judgment. The magistrate judge denied the wife's motion, and granted summary judgment to the mother and sister. The magistrate judge found that the attempted change of beneficiary was not

effective because under Tennessee law a guardian cannot change a beneficiary on an insurance policy without court approval. This appeal followed.[1]

## II.

We review the grant of summary judgment *de novo*. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Appellant argues that state law does not apply to NSLI policies; and because the change in beneficiary form was filed prior to the insured veteran's death, the life insurance proceeds must be paid to her as the named beneficiary. The government and the appellees argue that the magistrate judge correctly applied Tennessee law to determine when a guardian is authorized to change a beneficiary under an NSLI policy on behalf of an incompetent, insured veteran.

The federal statute governing a change of beneficiary under an NSLI policy provides: "The insured . . . shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries." 38 U.S.C. § 1917(a). *See also* 38 C.F.R. § 8.19 (2001). The change of beneficiary "to be effective must be made by notice in writing

---

[1] The district court awarded the mother and sister attorney fees equal to ten percent of the sums paid under the NSLI policies plus interest pursuant to 38 U.S.C. § 1984(g). The government asks this court to affirm the district court's order. We decline to review this ruling because no party has challenged the award on appeal, and the district court's order stands.

Neither the 1977 nor the 1994 change of beneficiary was approved by a Tennessee court. Neither guardian, therefore, was authorized to change the beneficiary on Marvin Sanders's NSLI policy, and the grant of summary judgment ordering payment under the policies to his mother as the principal beneficiary is **AFFIRMED**.

insane person is, of course, incapable of exercising a right or power of election [under an insurance policy], but any election on his behalf should be exercised by the court." In *Grahl v. Davis*, 971 S.W.2d 373, 377-78 (Tenn. 1998), the Tennessee Supreme Court discussed the fiduciary duties of a conservator:[2]

> The purpose of appointing a conservator is "to preserve the estate of an incompetent or disabled person." . . . [A] conservator "shall have the same duties and powers as a guardian of a minor, and all laws related to the guardianship of a minor shall be applicable to a conservator." A conservator occupies a fiduciary position of trust of the highest and most sacred character. . . . The conservator should endeavor to manage the estate so that if the incompetent person recovers, he or she will find the estate as nearly as possible in the same condition as he or she left it. *Folts v. Jones*, 175 Tenn. 77, 132 S.W.2d 205, 208 (1939). A conservator should not change the character of the conservatee's property interests unless the change is necessary to protect and promote the interests of the conservatee. . . .

> A conservator is not the alter ego of the conservatee, however, and has no authority to exercise an elective right or power of the conservatee. *Folts*, 132 S.W.2d at 207. Therefore, a conservator has no authority to . . . change a beneficiary on a life insurance policy. . . . Instead, the conservator must petition the court, and the court, on behalf of the conservatee, can exercise such an election if it is clearly proven to be in the best interests of the conservatee.

---

[2] Marvin Sanders's guardian was appointed under the Uniform Veteran's Guardianship Law. TENN. CODE ANN. § 34-5-101 (2001). Like a conservator, a guardian of an incompetent veteran is empowered with the same duties as a guardian of a minor. *Rymer v. Smith*, 274 S.W.2d 643, 648 (Tenn. Ct. App. 1954).

signed by the insured and forwarded to the Department of Veterans Affairs." *Id*.

Neither the statute nor the regulations, however, address a change of beneficiary made by a guardian on behalf of an incompetent insured. In *Roecker v. United States*, 379 F.2d 400 (5th Cir. 1967), the guardian of an incompetent insured, with state court authorization, changed the beneficiary on an NSLI policy. The original beneficiary challenged the effectiveness of the change in beneficiary because it was not signed by the insured. The Fifth Circuit noted that the statute does not provide for an insured who becomes incompetent:

> Although the language of the regulation, read literally, requires the insured to sign the request for change of beneficiary, Congress and the VA surely did not mean to bind the United States to every whim of a lunatic. When it declared that the insured was to have the absolute right to change the beneficiary, Congress operated "against the background . . . of [the] basic principle" in our jurisprudence that an incompetent may not validly dispose of his property.

*Roecker*, 379 F.2d at 404 (footnote omitted). The Fifth Circuit then considered whether federal or state law governed the question of whether a guardian may change a beneficiary under an incompetent's life insurance policy:

> Many considerations bear on the decision whether to apply state law or to fashion federal law. For example, where the particular question under the federal act depends on a status traditionally governed by state law, the federal court may infer that Congress, legislating against this background of state law, intended that law to govern. See De Sylva v. Ballantine, 1956, 351 U.S. 570, 76 S. Ct. 974, 100 L.Ed. 1415. Similarly, where the application of state law would not interfere with the federal program, but application of federal law would disrupt state agencies, state law should be applied, RFC v. Beaver County, 1946, 328 U.S. 204, 66 S. Ct. 992, 90 L.Ed. 1172. But where the state law conflicts with the

federal statute, the state rule will not govern. *Wissner v. Wissner.* And, of course, the court will fashion federal law where nationwide uniformity is necessary to protect a federal program. *Textile Workers Union of America v. Lincoln Mills*, 1957, 353 U.S. 448, 77 S. Ct. 912, 1 L.Ed.2d 972.

*Id.* at 405. The Fifth Circuit concluded that state law governed:

> But here the question is . . . the propriety of a guardian's discharge of his duties to his ward. A federal court would not fashion a federal rule governing the appointment of guardians for incompetents. . . . It would be equally incongruous for a federal court to attempt to develop standards for the management of an incompetent's estate.
>
> To apply state law to this question does not offend congressional policy. Here there is no overpowering reason in favor of a uniform rule of nationwide application. In fact to apply a federal standard would unnecessarily complicate the duties of guardians, who would have to adhere to one standard when dealing with most of a veteran's affairs, but to another when dealing with his government insurance policies.

*Id.* at 405-406. *See also Murray v. United States*, 107 F. Supp. 290 (E.D. Mich. 1950), *aff'd* 188 F.2d 362 (6th Cir. 1951) (change of beneficiary by guardian with court authority consistent with Michigan law had the same legal effect as though insured himself made the new designation).

The two cases relied upon by appellant, *Ridgway v. Ridgway*, 454 U.S. 46 (1981) and *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240 (10th Cir. 2001), are distinguishable. In *Ridgway*, the Supreme Court held that a state court could not establish a constructive trust for the proceeds under an insurance policy issued under the Servicemen's Group Life Insurance Act. The insured veteran had not made his children the beneficiaries as ordered under

a divorce decree. The Supreme Court held that federal law specifically requires proceeds under such policies to go to the designated beneficiary. *See also United States v. Donall*, 466 F.2d 1246, 1247 (6th Cir. 1972) (questions regarding the proper beneficiaries under NSLI policies are governed by federal law rather than state divorce law).

In *Rice*, 260 F.3d at 1240, the insured veteran changed the beneficiary from his wife to his mother shortly before he committed suicide. The wife argued that the change of beneficiary was ineffective because the insured lacked the requisite mental capacity. The Tenth Circuit noted that mental capacity was not addressed in the federal statute. It, therefore, looked at federal court decisions under other federal statutes to determine "gap-filling federal law" on the issue of mental capacity. *Id.* at 1250.

*Ridgway* and *Rice* addressed the insured veteran's right or ability to change the beneficiary under the applicable federal statute. By contrast, in this case the veteran's inability to change the beneficiary is undisputed. His incapacity was established in state court and is not challenged by any party. Instead, the issue is the power of a guardian to change a beneficiary when an insured veteran is unable to exercise that right because of his incompetency. Guardianships, and the duties and powers of guardians, are traditionally matters of state law. *See King v. Beavers*, 148 F.3d 1031, 1034-35 (8th Cir. 1998). There is no "gap-filling" federal law on the power of guardians. We agree with the Fifth Circuit that applying state law to this question does not conflict with the NSLI statute (or regulations) or defeat congressional policy behind the NSLI program. It is appropriate to look to state law for the limited purpose of determining whether a guardian was properly authorized to make a change of beneficiary under an insurance policy.

In *Folts v. Jones*, 132 S.W.2d 205, 207 (Tenn. 1939), the Tennessee Supreme Court considered whether an incompetent person could exercise the reserved powers under an insurance policy to change the beneficiary. The court found: "An